47949. BITUMINOUS CASUALTY COMPANY et al. v. SHARPE.

STOLZ, Judge. Employer and its workmen's compensation insurance carrier appeal from an award of the State Board of Workmen's Compensation which was affirmed by the Superior Court of Lowndes County.

The basic question presented is whether the claimant's injury arose out of and in the course of employment as contemplated by Code § 114-102 (as amended by Ga. L. 1963, pp. 141, 142).

There was no question as to the receipt of any injury by the claimant nor as to whether the claimant was in the course of his employment at the time of his injury. The employer and insurer contend that there was not sufficient competent evidence to warrant the finding by the State Board of Workmen's Compensation that the claimant's injury arose out of his employment.

The evidence showed that the claimant, a laborer, was going from one place to another in the employer's building to obtain a shovel for his work. Claimant became unconscious, subsequently awoke to find himself injured, and was later found lying on the floor approximately six feet from stairs leading to another level. Claimant had a separation of the sacroiliac joint and diastasis. Claimant testified that he went upstairs hunting a shovel; that he must have come down the steps; that "everything just left me," but that he did not remember whether he was on the stairs or not. The medical doctor, an orthopedic surgeon, who examined and treated claimant, testified that the claimant gave a history of having tripped and fallen while walking; that the dislocation was radical, "about the worst I've

seen"; that it was highly unusual that a fall to the ground would cause such an injury; and that he found nothing in his physical examination of the claimant which would account for blacking out or fainting. Co-workers testified that they observed nothing wrong with the claimant earlier in the day when they were with him. *Held:*

"Under numerous decisions of this court, an award of the Workmen's Compensation Board will not be disturbed where there is any evidence to support it. The weight and credit to be given the testimony of the witnesses, and the conflicts in the evidence, are matters for determination by the board." *Wilson v. Aragon Mills,* 110 Ga. App. 392, 393 (138 SE2d 596) and cit.; Code § 114-710. Accordingly, the judgment of the Superior Court of Lowndes County is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED MARCH 7, 1973 — DECIDED APRIL 3, 1973.

*Reinhardt, Whitley & Sims, John S. Sims,* for appellants.

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellee.