## 48812. FROST v. MORONE.

HALL, Presiding Judge. The basic issue in this workmen's

compensation case is whether the deceased employee, John Phillip Morone was, at the time of his death in an automobile crash, on his personal business or on the business of his employer, Griffin Memorial Gardens, for which he was a commission salesman of cemetery lots. The automobile crash occurred at 6:00 a.m. on June 26, 1970 while Morone and a friend were driving to Savannah, Georgia, to attend a national convention of the American Businessman's Club. Morone had applied for membership and had been accepted, but had not yet been sworn in.

In support of her claim for compensation, Morone's widow (claimant-appellee) testified in her deposition that Morone had told her that he joined the club as a means of generating sales prospects through business contacts; he had done so at the urging of his supervisor Jack Frost, the principal owner of Griffin Memorial Gardens; and that Frost had promised to reimburse his dues or expenses in connection with membership, and had reimbursed them. Jack Frost, on his deposition, contradicted this testimony and stated that he had not authorized Morone's joining; that none of the employees including himself ever belonged to a civic club; that he had not been asked to reimburse and had not reimbursed any membership expenses or dues for Morone; and that "he just happened to mention to me he had joined the American Businessman's Club, and I said 'If that's what you want to do, it's your own business, go ahead and join it,' and basically, that was the extent of it."

The deputy director, considering the case on stipulated facts including numerous depositions, found that the fatal trip was a personal trip and was not employment-related; the full board of workmen's compensation adopted these findings and the award denying compensation; on claimant's appeal the superior court reversed and remanded to the board deciding "that the death of John Phillip Morone did in fact arise out of and in the course of his employment with Jack Frost, d/b/a Associated Memorial Consultants, and/or Griffin Memorial Gardens, and/or Lincoln Memorial Cemetery. . ."

On this appeal brought by the employers, they urge that the superior court erred in not affirming the decision of the board under the any evidence rule. We agree and reverse the order of the superior court.

The evidence detailed above is ample to support the award of the board, which "'will not be disturbed where there is any evidence

to support it. The weight and credit to be given the testimony of the witnesses, and the conflict in the evidence, are matters for determination by the board. *Wilson v. Aragon Mills,* 110 Ga. App. 392, 393 (138 SE2d 596) and cit.; Code § 114-710." *Bituminous Casualty Co. v. Sharpe,* 128 Ga. App. 695, 696 (197 SE2d 741). *Accord, American Motorists Ins. Co. v. Brown,* 128 Ga. App. 813, 814 (198 SE2d 348); *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232, 233 (186 SE2d 784). The superior court erred in setting aside an award of the board supported by some evidence. *Hartford Accident & Indemnity Co. v. Snyder,* 126 Ga. App. 31, 37 (189 SE2d 919).

The contention of claimant-appellee, that the board employed an erroneous legal theory in failing to consider that the trip could have had a dual purpose—business and personal—is not meritorious because nothing in the award leads to the conclusion that the board was necessarily unaware that a social activity could have both a personal and a business purpose, as in, for example, *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809 (168 SE2d 660). The test to apply is whether "from the tenor and wording of the award, it is *clear* that the deputy director misconstrued and misinterpreted the evidence and applied an incorrect principle of law. . ." *Department of Revenue v. Graham,* 102 Ga. App. 756 (3) (117 SE2d 902). (Emphasis supplied.) No such misconstruction and misinterpretation appear here. The board's award makes clear that it found as a fact that the activity was personal and not employment-related; there is evidence to support the finding; and we will not do what claimant suggests, which is to look behind the award which is entirely proper on its face and speculate as to whether there could possibly exist on the board's part any misunderstanding of the law which could be consistent with the wording of the award.

*Judgment reversed. Deen and Stolz, JJ., concur.*

ARGUED JANUARY 15, 1974 — DECIDED FEBRUARY 14, 1974.

*Stanford & Stanford, Ernest H. Stanford,* for appellant.

*Rich, Bass, Kidd & Broome, Charles T. Bass, Paul Jordan,* for appellee.