## 63286. TRACOR COMPANY et al. v. BROWN.

POPE, Judge.

Claimant-appellee filed for workers' compensation benefits after he had suffered a stroke. Following a hearing, an administrative law judge (ALJ) denied the claim. On review the State Board of Workers' Compensation adopted the ALJ's award as its own. On appeal the Superior Court of DeKalb County reversed the Board and directed that an award be entered in favor of claimant. We granted this discretionary appeal to determine whether there was any evidence to support the decision of the Board.

The Board found ". . . from consideration of all of the evidence in this case that the claimant has not carried the burden of proof to show that he has sustained an accident and injury which arose in and out of the course of his employment. The claimant sustained his stroke while at home and he had always been a nervous person and although this nervous condition increased through the years, . . . his ultimate disability was [not] due to any job-incurred injury and the burden is upon the claimant to show that his disability is the result of his accident and injury which arose in and out of the course of his employment. The claimant in this case has sustained an aphasic stroke which occurs to many people during their lifetime and disability by the residuals of a stroke are very similar to the disabilities incurred in heart conditions and are sometimes difficult to relate to the employment of the individual and although the claimant . . . contends that the medical evidence provides no medical evidence that the stroke sustained by the claimant was not work related and no medical evidence that the loss of speech resulting from the stroke was not further aggravated by job pressure, it is also apparent that the medical evidence does not carry the burden of proof to show that there was a causal relationship between the stroke and ultimate disablity of the claimant and his job and, therefore, the claim must be denied."

"A finding of fact by [an ALJ] of the State Board of [Workers'] Compensation, when supported by any evidence, is conclusive and binding upon the court, and the judge of the superior court does not have any authority to set aside an award based on those findings of fact, merely because he disagreed with the conclusions reached therein." *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65) (1976). "[An ALJ] and full board are vested with

exclusive authority to weigh evidence in [Workers'] Compensation Proceedings." Id. at 410-411. "The testimony of a witness is to be considered as a whole and not in disjointed parts. Nor is the [Board] bound in every way to accept the literal statements of a witness before it, merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts and in still other ways the question of what is the truth may remain an issue of fact, despite uncontradicted evidence in regard thereto." Id. at 411; see *Guye v. Home Indem. Co.,* 241 Ga. 213 (244 SE2d 864) (1978).

Our review of the record in this case discloses evidence which supports the Board's findings of fact. Accordingly, the judgment of the superior court must be reversed.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 18, 1982 —
REHEARING DENIED JULY 12, 1982.

*Oliver B. Dickins, Jr., J. F. Peace,* for appellants.
*Michael Weinstock, Laurence A. Marder,* for appellee.