69810. COBB GENERAL HOSPITAL et al. v. BURRELL.
(331 SE2d 23)

CARLEY, Judge.

Appellee-employee filed a claim for workers' compensation benefits, alleging a disabling on-the-job injury. A hearing was conducted, and although the administrative law judge (ALJ) found that appellee had slipped and fallen at work, the ALJ concluded that appellee had nonetheless failed to carry "the burden of proof to show that her disability is job-related . . . ." Instead, the ALJ found that appellee's disability was "due to her obesity and other general physical condition." Accordingly, the ALJ denied benefits to appellee. On appeal pursuant to OCGA § 34-9-103, the award of the ALJ was made the award of the Full Board.

Appellee then appealed to the superior court. The superior court entered an order which, among other statements, contained the following: "[Appellee's] knee injury was severe in nature and resulted in disability to [her.] [Appellee's] disability is job-related. The facts presented to the [ALJ] do not support the finding that [appellee's] injury was not severe and that her disability is not job-related." The superior court then "set aside" the Full Board's award and "granted" appellee's claim.

Appellants, who are the employer and insurer, applied to this court for a discretionary appeal from the superior court's order. Their application was granted and the instant appeal results.

The issue on appeal to the superior court is whether there is "any evidence" to authorize a finding in accordance with the contentions of the *prevailing party* before the Full Board. "The rule is that the decision of the trier of fact will not be set aside on appeal if there is any evidence to support *the finding*." (Emphasis in original.) *Russell v. Ga. Regional Hosp.*, 152 Ga. App. 895 (264 SE2d 497) (1980). The Full Board's "findings of fact are not to be set aside because the reviewing court disagrees with the conclusions drawn therefrom. When using the 'any evidence' criteria, the facts are to be construed in a light most favorable to the party prevailing before the board. Reviewing courts do not consider the weight of evidence . . . ." *St. Paul Ins. Co. v. Henley*, 141 Ga. App. 581, 582 (234 SE2d 159) (1977).

The record in the instant case reveals an evidentiary posture similar to that in *Russell v. Ga. Regional Hosp.*, supra. " 'The board is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award. [Cits.]' [Cit.]" *Continental Ins. Co. v. Peardon*, 132 Ga. App. 162, 163 (207

SE2d 658) (1974). The evidence did not demand a finding that appellee was disabled as the result of her employment-related injury. "In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion." *Employers Liability Assur. Corp. v. Woodward*, 53 Ga. App. 778, 779 (3) (187 SE 142) (1936). The Full Board is not " 'bound in every way to accept the literal statements of a witness before it, merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts and in still other ways the question of what is the truth may remain an issue of fact, despite uncontradicted evidence in regard thereto.' [Cits.]" *Tracor Co. v. Brown*, 163 Ga. App. 32, 33 (292 SE2d 479) (1982). "Neither the superior court nor this court is authorized to reverse an award because in its opinion the prevailing party did not carry the burden of proving a fact necessary to sustain its position if such fact is nevertheless supported by some competent evidence." *Indemnity Ins. Co. of North America v. Loftis*, 103 Ga. App. 749 (2) (120 SE2d 655) (1961).

"The superior court erred in setting aside an award of the board supported by some evidence. [Cit.]" *Frost v. Morone*, 130 Ga. App. 878, 880 (204 SE2d 796) (1974). The superior court should have affirmed the award. See *Smith v. Liberty Mut. Ins. Co.*, 47 Ga. App. 428 (170 SE 694) (1933); *Johnson v. American Mut. Liability Ins. Co.*, 50 Ga. App. 54 (176 SE 907) (1934).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 10, 1985 —
REHEARING DENIED APRIL 25, 1985 — ▮▮▮▮▮▮▮▮

*Benjamin H. Terry, John M. Williams, Michael Jablonski*, for appellants.

*Richard R. Kirby*, for appellee.