A93A0235, A93A0270. MINTZ v. NORTON COMPANY et al.; and vice versa.
(432 SE2d 583)

McMURRAY, Presiding Judge.

Claimant sustained a compensable injury in 1979 and received benefits until May 17, 1990, at which point the benefits were suspended by the employer/insurer. The employer/insurer sought a change of condition ruling, arguing it was entitled to suspend benefits effective October 6, 1989, because claimant was engaged in an illegal, supposedly profitable, activity at that time.

Claimant was charged with violating the Georgia Controlled Substances Act. He pleaded guilty on November 17, 1989, but was sentenced on April 12, 1990. He was incarcerated from November 17, 1989, until September 19, 1990. Following his incarceration, claimant's treating physician opined, in a medical report dated January 22, 1991, that claimant reached "maximum improvement." Nevertheless, he gave claimant a 20 percent disability rating to the body as a whole and concluded that claimant is "not able to work."

Following a hearing, the administrative law judge ("ALJ") determined that claimant was not entitled to benefits during the period of his incarceration. He also found that, following his incarceration, claimant was not able to work and was entitled to the reinstatement of benefits. In addition, the ALJ determined that the employer failed to prove that claimant earned any sum of money from illegal activities before he was incarcerated. Thus, the ALJ refused to suspend claimant's benefits prior to the time of his incarceration on the ground that claimant was engaged in a profitable activity. The full board adopted the decision of the ALJ, adding that benefits were to recommence effective September 19, 1990, the day claimant was released from jail.

The superior court set aside the full board's award and remanded for further proceedings. In pertinent part, the superior court found

that "[e]vidence does exist which *could* support the full board's adopted findings. . . ." It added: "In this court's opinion, the 'any evidence' standard would unquestionably support the board's decision *absent* evidence contrary to [the treating physician's] opinion that the claimant was not able to work." In that vein, relying upon *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), the superior court ruled that a question of fact remained as to whether claimant was able to work inasmuch as he had been engaged in an illegal activity prior to his incarceration. In other words, the superior court took the position that claimant's illegal activity belied the physician's determination that claimant was unable to work and it ordered the full board to re-examine the case in that light. The superior court also ruled that the full board correctly determined that claimant was not entitled to benefits during the period of his incarceration and that claimant was entitled to benefits up until the time of his incarceration. This court granted claimant's application for a discretionary appeal. Thereupon, claimant appealed (Case No. A93A0235) and the employer cross-appealed (Case No. A93A0270). *Held*:

1. "The issue on appeal to the superior court is whether there is 'any evidence' to authorize a finding in accordance with the contentions of the *prevailing party* before the Full Board." *Cobb Gen. Hosp. v. Burrell*, 174 Ga. App. 631 (331 SE2d 23). If there is, the superior court is bound to affirm the award. Id.

In the case sub judice, the superior court acknowledged that the evidence was sufficient to authorize the full board's findings. Nevertheless, it remanded to the full board to consider whether claimant's illegal activity demonstrated he was able to work. In so doing, the superior court erred.

"There is authority for remanding a case to the board based upon uncertainty that all the evidence had been considered. OCGA § 34-9-105 (d); *American Mut. &c. Ins. Co. v. Williams*, 133 Ga. App. 257, 259 (211 SE2d 193) (1974); *West-Point Pepperell v. Payne*, 151 Ga. App. 541 (260 SE2d 412) (1979). Nevertheless, the mere failure to refer to all the evidence in the findings of fact does not establish that the board did not consider the evidence in its review of the matter. *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360 (1) (280 SE2d 140) (1981); *St. Regis Flexible Packaging Corp. v. Helm*, 172 Ga. App. 251, 254 (2) (322 SE2d 549) (1984)." *Henderson v. Mrs. Smith's Frozen Foods*, 182 Ga. App. 829 (2), 830 (357 SE2d 271).

We find no basis for concluding that the board did not consider all of the evidence in this case. The ALJ stated that he based his award on his consideration of the record and his observation of claimant. Besides, the ALJ made specific reference to the claimant's illegal activities when he determined that, in spite of those activities, claim-

ant was entitled to benefits prior to his incarceration. "In view of these circumstances it is inconceivable that the evidence questioned by the court was not considered, although rejected, by the board." *Henderson v. Mrs. Smith's Frozen Foods*, 182 Ga. App. 829 (2), 830, supra. It follows that the trial court erred in remanding to the board for a consideration of claimant's illegal activities.

*Aden's Minit Market v. Landon*, 202 Ga. App. 219, supra, is not apposite. In that case, there was "no evidence in the record" showing that claimant was entitled to a resumption of benefits. In this case, on the other hand, there *is* evidence to support the award.

2. Claimant asserts the full board and the superior court erred in determining that he was not entitled to benefits during the period of his incarceration. We agree.

Although claimant entered a guilty plea on November 17, 1989, it is clear that judgment was not pronounced upon claimant until April 12, 1990, when claimant was sentenced. After all, claimant had an absolute right to withdraw his guilty plea until he was sentenced on April 12, 1990. As it is said: "OCGA § 17-7-93 (b) grants [a] defendant an absolute right to withdraw a guilty plea 'before judgment is pronounced.' Orally announcing the sentence constitutes a pronouncement under that code section. [Cits.]" *Anderson v. State*, 194 Ga. App. 395 (390 SE2d 637).

Since judgment was not pronounced upon claimant until April 12, 1990, he was entitled to receive benefits, in spite of his incarceration, until that date. *Mize v. Cleveland Express*, 195 Ga. App. 56 (392 SE2d 275); *Howard v. Scott Housing Systems*, 180 Ga. App. 690 (2) (350 SE2d 27). The full board and the superior court erred in ruling otherwise.

3. The employer/insurer's assertion that claimant's benefits should have been terminated on October 6, 1989, because he was involved in criminal activity at that time is without merit. The record fails to disclose whether claimant earned any money from his illegal acts.

*Judgment reversed in Case No. A93A0235. Judgment affirmed in Case No. A93A0270. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1993 —
RECONSIDERATIONS DENIED JUNE 18, 1993 — 

*John F. Sweet*, for appellant.
*Shivers, Johnson & Wilson, Benjamin J. Johnson*, for appellees.