A94A2579. CONQUEST CARPET MILLS v. HUGHES.
(450 SE2d 865)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal to determine whether the trial court erred in reversing the Workers' Compensation Board's finding that claimant's injury occurred while he was on a personal errand and did not arise out of and in the course of his employment, and that this injury did not aggravate his previously existing condition. *Held:*

"The issue on appeal to the superior court is whether there is 'any evidence' to authorize a finding in accordance with the contentions of the *prevailing party* before the Full Board." *Cobb Gen. Hosp. v. Burrell,* 174 Ga. App. 631 (331 SE2d 23). If there is, the superior court is bound to affirm the award. *Mintz v. Norton Co.,* 209 Ga. App. 109, 110 (432 SE2d 583).

Appellee contends that as the evidence was stipulated and undisputed, the superior court could conclude as a matter of law, contrary to the board's findings, that the injury arose in the course of employment and not while appellee was on a personal errand, and that the injury aggravated his previous condition. An inference from evidence is generally evidentiary in nature; even if evidence invokes certain legal or factual presumptions, such presumptions are not absolute but may, in the opinion of the board, lead to one conclusion or another. See OCGA § 24-1-1 (6) as discussed in *Zippy Mart v. Fender,* 170 Ga. App. 617, 619 (317 SE2d 575). As to evidentiary inferences and legal inferences, see *Wallace v. Higgs,* 262 Ga. 437 (421 SE2d 69). At worst, the board's findings on undisputed evidence were mixed questions of law and fact; review of those findings is controlled by the "any evidence" rule, which requires the superior court to construe the evidence in favor of the party prevailing before the board. See *Cobb Gen. Hosp.,* supra. In the absence of precedential law that under identical evidence a certain legal conclusion, or "legal inference" (see *Wallace,* supra) is demanded, we reject appellee's contention in this case that because the evidence is undisputed, the superior court could

substitute its judgment for the board's judgment as to whether the injury arose in the course of employment or during a personal errand, and whether the injury aggravated appellee's previous condition. The superior court erred in reversing the award of the board.

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED DECEMBER 1, 1994.

*Mitchell & Mitchell, Michael C. Cherof,* for appellant.
*McCamy, Phillips, Tuggle & Fordham, James T. Fordham,* for appellee.