53795. ARGONAUT INSURANCE COMPANY et al.
v. CLINE.

Marshall, Judge.

This is the second appearance of this workmen's compensation case before this court. See *Argonaut Ins. Co.*

*v. Cline,* 138 Ga. App. 778 (227 SE2d 405) (1976).

Initially, compensation was awarded by the administrative law judge; the full board on appeal denied compensation; then the superior court reversed the board's order of denial. On the first appeal, this court affirmed the superior court's reversal of the full board's award, and directed that the case be recommitted to the board for further consideration pursuant to our rulings that there had been sufficient notice of the injury and that the board's findings of fact, based on its misconstruction of the testimony of expert witness, Dr. Burr, were completely erroneous.

Upon remand of the case, the full board made findings of fact which were materially to the following effect: That the claimant testified that he hurt his back on the job on July 2, 1974, while pulling a cable off a winch to attach it to a log when the cable stopped moving freely off the winch, but the stop was not sudden enough to cause him to lose his balance; that the claimant was on vacation July 3-7, 1974, and then worked 10 hours per day July 8-11, 1974; that on July 12, 1974, the claimant worked for two hours from 7 a.m., took a water break and sat down, and, according to his testimony, then noticed a tingle in his back and could hardly get up; that his supervisor's taking him to a doctor was sufficient notice to make an investigation; that the claimant had a congenital, apparently hereditary defect in the L-5 area of his spine; that the claimant made no mention and gave no history of any accident or injury to Dr. Clements on July 12, 1974, or to Dr. Burr, to whom he was referred, complaining only of back pain, which he had had off and on all his life; that, when asked if pulling a cable would cause the condition diagnosed, Dr. Burr had answered, "I wouldn't really contribute [sic] it to the condition, namely the spondylolisthesis, but knowing that he has a back that's predisposed to trouble, I think that this is most likely the thing that caused the flare-up and was the reason for his acute problems"; that Dr. Burr later said that the condition could have existed for several years; and that the claimant's condition arose not from exertion at work, but from normal degeneration as shown from a history of back trouble.

The board's conclusion of law was, "While the board recognizes there is some evidence stating otherwise, the board is of the opinion that the overwhelming weight of all the evidence as disclosed by the claimant himself, his father, the supervisor, and the doctors, shows a condition which was in existence at the age of 13 that had deteriorated and manifested itself while he was taking a water break. The condition was neither caused nor aggravated by activity at work."

The employer and its workmen's compensation insurance carrier appeal from the order of the superior court reversing the board's award and granting compensation. *Held:*

The full board's revised findings of fact corrected the deficiencies in its previous findings, as pointed out by this court on the prior appeal, i.e., the matter of notice and the misconstruction of Dr. Burr's testimony. It seems apparent that the superior court, as had the administrative law judge, accepted as a fact that the alleged July 2, 1974, injury had in fact occurred, and concluded that it had aggravated the preexisting congenital defect, based upon Dr. Burr's testimony that it *could* have, which answer was predicated on the hypothetical assumption that there *was* such an injury capable of producing this result. It seems equally apparent that the full board considered the *possibility* of such aggravation, but concluded that the alleged injury either never occurred, or, if so, that it was insufficient to produce the result.

Based upon the nine controlling principles applicable to this situation, which are set forth in *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65) (1976), and incorporated, although not quoted, in this opinion, we hold that the findings of fact of the full board, being supported by some evidence, were conclusive and binding upon the court; that the judge of the superior court had no authority to set aside the award based on those findings of fact, merely because he disagreed with the conclusions reached therein; that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the board; and that, after the board had determined the weight and credit to be

given testimony of witnesses and conflicts in evidence and entered its award, the award — supported by evidence construed in a light most favorable to the party prevailing before the board and by every presumption in favor of its validity — should have been affirmed by the superior court.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED APRIL 7, 1977 — DECIDED JUNE 21, 1977.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellants.

*Roy D. Moultrie,* for appellee.