64142. EAST TEXAS MOTOR FREIGHT LINES, INC. v. JACOBS.

CARLEY, Judge.

Appellant-employer was granted a Discretionary Appeal to this Court from an order of the superior court affirming an award of the State Board of Workers' Compensation in favor of appellee-claimant.

Claimant fell while unloading boxes from a truck and then attempted to support himself with his left hand. Claimant received treatment for his left hand and received compensation until he returned to work. Some months later, claimant was forced to stop working because of disabling pain in his neck and back. The administrative law judge found that claimant experienced a change in condition due to a gradual worsening of his condition as a result of performing the normal duties of his job, and awarded compensation. The Board adopted the award of the Administrative Law Judge. The superior court affirmed the award of the Board.

1. The employer first asserts that there was insufficient evidence to support a finding that claimant had suffered a job-related disability compensable under the Workers' Compensation Act. To establish a change of condition, the claimant must show (1) that his condition had changed for the worse; (2) that because of this change he was unable to continue at work; (3) that because of his inability to work, he had either a total or partial loss of income; and (4) that the inability to work was proximately caused by the previous accidental injury. *Whitner v. Georgia State Univ.*, 139 Ga. App. 212 (228 SE2d 200) (1976); *Roland v. Cotton States Mut. Ins. Co.*, 133 Ga. App. 442 (211 SE2d 395) (1974).

Contending that there was no compliance with the fourth requirement for establishing a change of condition as set forth above, the employer asserts that claimant failed to prove that his present disability from back and neck pain was proximately caused by the original fall which had injured claimant's hand. However, evidence of the required causal connection is clearly found in the deposition of Dr. Exum Walker. When asked if it was his opinion that the original fall caused the aggravation of a pre-existing cervical problem in the claimant, Dr. Walker stated: "Yes, the accident [original fall] is responsible for the increase in pain and disability which followed the accident as compared to the amount of chronic pain and disability that he had before."

Based on the testimony of Dr. Walker and a review of the total record, it is clear that the findings of fact of the administrative law judge, as adopted by the full Board, were supported by some evidence. Therefore, the findings are conclusive and binding and neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board. *Argonaut Ins. Co. v. Cline*, 142 Ga. App. 603 (236 SE2d 876) (1977).

2. The superior court, in its order affirming the award, held that it was immaterial whether claimant's job-related disability was due to a change in condition or a new accident. The employer enumerates this ruling as error.

This court has explicitly stated that there is a difference between a claim for a "new injury" and one for a "change in condition" and has distinguished the two. See *Central State Hosp. v. James,* 147 Ga. App. 308 (248 SE2d 678) (1978); *Slattery Assoc. v. Hufstetler,* 161 Ga. App. 389 (288 SE2d 654) (1982). Therefore, the superior court was not correct in stating that the difference was immaterial. However, under the standards enumerated in *Central State Hosp.* and in *Slattery Assoc.,* claimant's disability was correctly characterized as a change in condition. This court has long recognized that if a judgment is right for any reason it should be affirmed. *Pappadea v. Clifton,* 96 Ga. App. 115 (99 SE2d 455) (1957); *Tierce v. Davis,* 121 Ga. App. 31 (172 SE2d 488) (1970). Although the superior court erred in stating that the basis for claimant's claim was immaterial, it did not err in affirming the Board's award of compensation for a change of condition.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 4, 1982.

*Richard W. Summers, Vincent M. D'Assaro,* for appellant.
*Warren A. Rosser III, E. Lee Southwell III,* for appellee.