### 72152. WILSON v. MANVILLE BUILDING MATERIALS PRODUCTS, INC.
(346 SE2d 851)

POPE, Judge.

The sole issue in this workers' compensation case is whether sufficient notice of the claimant's injury was given to comply with OCGA § 34-9-80. After the hearing on the claim the Administrative Law Judge found that Wilson, the 29-year-old claimant, was employed as a general mechanical maintenance person whose duties included replacing large and small electrical motors, chains and gear boxes, which required lifting, squatting, stooping, bending, kneeling and reaching. It was undisputed that Wilson had had back surgery on two occasions in 1983 which were not work-related. The first operation was in February (L-4/5 disc removed), the second in April (fusion of L-4/5), and Wilson returned to normal work for the employer Manville in August of 1983. After performing his assigned duties for several months following the back surgery, Wilson developed pain in his back which became so severe while rolling up a heavy collection chain on March 16, 1984 that he became totally disabled. X-rays were made by his doctor, who diagnosed the injury as degenerative disc disease and arthritis in Wilson's lower back and a possible break in the fusion which was aggravated by his work. The ALJ concluded that Wilson had suffered a new injury by work-related aggravation of his pre-existing back condition as well as his degenerative disc disease and arthritis, and was entitled to compensation payable from March 16, 1984.

Wilson's supervisors testified that they were aware of his back

surgery and problems when he worked at Manville, and knew Wilson missed work in 1983 because of a back injury. They also knew that he ceased work on March 16, 1984, Wilson having informed Manville that he would be away from work because he "was having back problems and was going back to the doctor" by leaving a recorded telephone message, which was customary to report absences. Wilson received non-work-related disability benefits and medical expenses while on medical leave of absence.

The ALJ found that Wilson's supervisors were aware of his back problems and that he was seeing a doctor for treatment of his back, which was sufficient notice as contemplated by the Workers' Compensation Act. On Manville's appeal the full board affirmed by adopting the findings of the ALJ. The board found in addition that in view of Manville's knowledge of Wilson's past back problems it was placed on notice when Wilson informed Manville via the tape-recorded telephone message that he was suffering back pains and would be out of work at a doctor's appointment that day, and was provided a medical leave of absence, to investigate the nature of the March 16, 1984 injury if it saw fit; therefore, sufficient notice of the injury as contemplated by the Act was received. On appeal the superior court reversed on the ground of insufficient notice of the alleged injury, and this court granted Wilson's application for discretionary review. *Held*:

"The superior court, when sitting as an appellate body, is ordinarily bound by the 'any evidence' standard of review. OCGA § 34-9-105 [and cits.]. In this posture, the superior court is not authorized to substitute its judgment for that of the Board, [cits.]; and where there is conflicting evidence, then the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact. [Cit.] Only where there is plain error of fact or an error purely of law is an appellate court authorized to reverse the Board's award. [Cits.]" *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (313 SE2d 741) (1984). The court in *Carroll*, in affirming the superior court's reversal of the ALJ and the full board, found that "the ALJ erred as a matter of law in finding that appellant's remark to his supervisor, as he left work on March 12, that he needed to consult a physician because of a sore neck and shoulder, constituted 'notice' to the employer of a possibly job-related injury, as contemplated by the Act. The burden is clearly on the employee to give such notice as will alert the employer to the possibility of a job-related injury and to prompt the latter to make such investigation as he may see fit. OCGA § 34-9-80 [and cits.]." Id. at 561. However, we do not agree that *Carroll* is controlling here.

The *Carroll* court recognized that "[s]uch notice need not be in a particular format, [cit.], and need not state that it is being given for the express purpose of filing a workers' compensation claim. [Cit.] Ei-

ther the language or the context of the notice, however, must be such as to indicate to the employer (or his agent, appropriate supervisory personnel) that there exists at least a possibility that the injury complained of may be job-related. [Cits.] Not only did [the appellant in the *Carroll* case] give no such notice but his affirmative representations to the contrary, made for purposes of physicians' records and group insurance forms, clearly created the inference (especially in conjunction with his regular visits to the personnel office to pay group insurance premiums) that the injury was *not* job-related." Id. at 561-62.

In the instant case, although Wilson was unaware that he had suffered a new accident on March 16 and could therefore file a claim for workers' compensation, there was some evidence to indicate to Manville at least the possibility that a job-related injury had occurred. It was aware of Wilson's previous back injury; that he had been on medical leave of absence due to his back injury for about six months; that he had returned to the regular work he did prior to the initial injury; that he had a back problem during the time between August 1983 and March 1984 he was working for Manville; that Wilson's supervisor had heard him mention his back problem and had also heard several other employees mention it; and that Wilson had called in and left a message on the tape recorder that he would be out of work because he was having trouble with his back again and was going back to the doctor.

Rather, we find this case to be more in accord with *State of Ga. v. Mitchell*, 177 Ga. App. 333, 334-35 (339 SE2d 384) (1985), wherein we stated: "The question as to adequacy of notice of the accident required by OCGA § 34-9-80 was laid to rest in *Schwartz v. Greenbaum*, 236 Ga. 476 (1) (224 SE2d 38) (1976), which renounced a prior Supreme Court decision to the contrary [cit.] and held: ' . . . [A] liberal construction must be given to effectuate the humane purposes for which the [Workers'] Compensation Act was enacted. [OCGA § 34-9-80] does not require that *notice* of an injury or accident must show that it "arose out of and in the course of the employment." Therefore, this court will no longer follow the ruling [to the contrary]. This court finds that the better rule is stated in *Davison-Paxon Co. v. Ford*, 88 Ga. App. 890, 892 (78 SE2d 257) (1953) which holds: "The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so. [Cit.]" ' [Cit.] . . . Since there was some evidence to sustain the board's finding, and it applied the correct law, we apply the any evidence test and affirm [it]. [Cit.]" It follows that the ruling of the superior court reversing the board's finding was in error. Accord *Colonial Stores v. Hambrick*, 176 Ga. App. 544 (2) (336 SE2d 617) (1985); *Ga.-Pacific Corp. v. Buchanan*,

113 Ga. App. 844 (3) (149 SE2d 831) (1966).
*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 6, 1986 —
REHEARING DENIED JUNE 19, 1986.

*W. Michael Strickland*, for appellant.
*E. Davison Burch*, for appellee.