A89A0112. MADDOX v. ELBERT COUNTY CHAMBER OF COMMERCE, INC.
(382 SE2d 150)

BIRDSONG, Judge.

We granted this discretionary appeal from the judgment of the Elbert County Superior Court, which reversed the award of the State Board of Workers' Compensation on grounds, inter alia, that there was no *"credible* evidence" (emphasis supplied) to support the board's award.

Artis Maddox applied for workers' compensation for an injury she claimed was incurred while she was performing the duties of her job. Ms. Dorothy McDonald, Executive Vice-President of appellee Chamber of Commerce, hired Ms. Maddox "to work at the Civic Center. . . ." Ms. McDonald had the authority "to direct the time, place and manner of her work activities. . . ." Ms. Maddox was paid

by checks written on "the bank account in the name of the Chamber of Commerce." Ms. McDonald, in her capacity as executive vice-president of appellee, issued Ms. Maddox a "Separation Notice" and forwarded the notice to the Georgia Department of Labor which listed Maddox' employer as "Elbert County Chamber of Commerce, Inc." The federal tax form W-2 issued to Ms. Maddox listed her employer as "Elbert County Chamber of Commerce, Inc."

The ALJ found that Maddox was an employee of the Elbert County Chamber of Commerce, that she incurred her injury while moving tables setting up a meeting in the civic center, and had been disabled since she left her job at the Chamber of Commerce. The full board made the award of the ALJ the award of the board. The employer appealed to the Elbert County Superior Court. The court found that during the hearing before the ALJ, after the claimant had presented its witness and the employer had called its "first witness, the Administrative Law Judge interrupted the questioning, and summarily ruled that Claimant was 'an employee of the Chamber of Commerce,' further commenting, 'Let's not waste anymore time on that' . . . precluding the Employer from introducing any further evidence on the question. . . ." The court below held this was "clearly improper, and is grounds for reversal." *Hart v. Owens-Illinois*, 165 Ga. App. 681 (302 SE2d 701) was cited as authority for this ruling.

The court also found "there is no *competent* and *credible* evidence in the record to support [the board and ALJ] finding" that claimant "sustained an injury arising out of the course of her employment, and that she has been disabled ever since she left work at the Chamber." (Emphasis supplied.) This ruling was based upon the court's conclusion that "[t]he only evidence whatsoever that Claimant had a work-related injury is Claimant's own statements to that effect. Because Claimant is a party at interest, her *credibility* is suspect at best, and therefore, without any confirmatory evidence, is not *competent* to support a verdict. *Brown Transport Co. v. Parker*, 129 Ga. App. 737 (201 SE2d 17) (1983). "There is simply no *competent* evidence to support the finding that Claimant was injured while performing her duties for Employer. . . ." (Emphasis supplied.)

The court further found "there again [was] no *credible* evidence that proper notice was given to Employer, as required by the Act. Counsel for Claimant testified that he called Mrs. McDonald 'for purposes of making inquiry as to whether or not Workers' Compensation was available,' but fails to testify that he specifically told Mrs. McDonald . . . about the circumstances surrounding the injury . . . or that a work-related injury was being alleged. . . . Claimant had the burden of proving proper notice, but, from the record before the Court, failed to do so." (Emphasis supplied.) *Held*:

1. Appellant claims the superior court erred "in finding a lack of

any evidence to support the finding of the Board of Workers' Compensation on the issues of [a] employment of appellant by appellee, [b] of work related injury, of [c] disability and [d] of notice."

(a) The ALJ and board found sufficient evidence of record to establish employment of the claimant by appellee. Appellant's contention that the court erred "in finding a lack of any evidence to support" the ALJ and board's finding that claimant was an employee is not an accurate assessment of the court's ruling. The court found that the ALJ improperly terminated a hearing into this issue and precluded the employer from introducing further evidence in question—and reversed. There was evidence presented that the executive vice-president of appellee hired and fired the claimant, that she directed "the time, place and manner of her work activities," that claimant was paid on Chamber of Commerce checks, drawn on a Chamber of Commerce bank account, that the W-2 listed the Chamber of Commerce as claimant's employer, and the Georgia Department of Labor was notified that the Chamber of Commerce was claimant's employer. Appellee called Ms. McDonald as a witness and following her testimony, counsel for the Chamber of Commerce told the ALJ: "That's all I have." The ALJ ruled: "I'm going to hold she's an employee of the Chamber of Commerce. Let's not waste anymore time on that. [COUNSEL FOR CLAIMANT]: I've got nothing more. THE COURT: You can go down. Are you through? [COUNSEL FOR APPELLEE]: Yes, sir."

Counsel for the Chamber of Commerce advised the ALJ that he had submitted all that he had. The court inquired: "Are you through?" Counsel said that he was. No objection was made to the procedure followed. No request was made to present further evidence. No offer of proof of what an additional witness would testify to was proffered. The ALJ may have been misled by counsel's statements that he was through and acceded to the ALJ's ruling. However, this court has held that " '(n)o matter how erroneous the ruling might have been (and we express no opinion on this question), a litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it.' " *Ewing v. Johnston,* 175 Ga. App. 760, 765-766 (334 SE2d 703); accord *J & F Car Care Svc. v. Russell Corp.,* 166 Ga. App. 888 (305 SE2d 504); *Marlow v. Lanier,* 157 Ga. App. 184, 185 (276 SE2d 867). Failure to object to the procedure amounts to waiver. *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 845 (1) (267 SE2d 266). Further, counsel for appellee made no request to be allowed to present further evidence or attempted to make a proffer of what any addi-

tional witness would testify to. It is well-settled that in order to preserve a ground of objection relating to the exclusion of oral testimony, it is necessary that the complaining party show what he expects to prove, and that the evidence is material, relevant, and beneficial. *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 152 (269 SE2d 426); *Hendrix v. Byers Bldg. Supply*, 167 Ga. App. 878, 880 (307 SE2d 759). Hence, as a matter of law, the superior court erred in holding that the ALJ improperly terminated the hearing and precluded appellee from presenting further evidence on the issue of the claimant's employer.

(b), (c) Error is enumerated in the finding of the superior court that "there is no competent and credible evidence in the record to support [the] finding" of the board and ALJ that claimant sustained an injury arising out of her employment and has been disabled since that injury. Claimant testified that she sustained the injury while performing her duties at the civic center and has been disabled as a result of that injury. The superior court held that "[b]ecause Claimant is a party at interest, her *credibility* is suspect at best, and therefore, without any confirmatory evidence, is *not competent* to support a verdict. . . . There is simply *no competent evidence* to support the finding that Claimant was injured while performing her duties . . . and the Board's findings to the contrary are therefore reversed." (Emphasis supplied.)

A party to an action is a *competent* witness. OCGA § 24-9-1 (a). The fact that a witness is a party goes to the weight and credibility of her testimony. OCGA § 24-4-4. Where the claimant swears to her injury and disability, this testimony's weight and credibility is to be determined solely by the ALJ and the board, and her testimony alone is sufficient to establish those facts. *Fulton-DeKalb Hosp. Auth. v. Hadley*, 174 Ga. App. 503 (1) (330 SE2d 432); *Southern R. Co. v. Tankersley*, 3 Ga. App. 548, 549 (1) (60 SE 297). "[T]he findings [of the board] are conclusive and binding [OCGA § 34-9-105 (c)] and neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board." *East Texas &c. Freight Lines v. Jacobs*, 163 Ga. App. 727, 728 (296 SE2d 80); *Argonaut Ins. Co. v. Cline*, 142 Ga. App. 603, 605 (236 SE2d 876). The superior court, when sitting as an appellate body, is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight and credibility of the witnesses. *Wilson v. Manville Bldg. &c. Prods.*, 179 Ga. App. 408 (346 SE2d 851). The ALJ and board may choose to believe the testimony of the claimant as opposed to the testimony of an expert witness. *Hadley*, supra; *Terry v. Liberty Mut. Ins. Co.*, 152 Ga. App. 583 (1) (263 SE2d 475); *Tankersley*, supra. The testimony of the claimant provided the "any evidence" in support of the ALJ and board's findings, and the superior court erred in substituting its judgment for that of the board in

weighing the credibility of the claimant's testimony, and finding no competent evidence in support of the board's award.

(d) The trial court found "there again is no *credible* evidence that proper notice was given to Employer . . ." even though claimant's counsel testified he called Mrs. McDonald " 'for purposes of making inquiry as to whether or not Workers' Compensation was available,' but fails to testify that he specifically told Mrs. McDonald . . . about the circumstances surrounding the injury . . . or that a work-related injury was being alleged." In *Wilson v. Manville Bldg. &c. Prods.*, supra at 410, we stated: " 'The question as to adequacy of notice of the accident required by OCGA § 34-9-80 was laid to rest in *Schwartz v. Greenbaum*, 236 Ga. 476 (1) (224 SE2d 38) (1976), which renounced a prior Supreme Court decision to the contrary (cit.) and held: ". . . (A) liberal construction must be given to effectuate the humane purposes for which the (Workers') Compensation Act was enacted. (OCGA § 34-9-80) does not require that *notice* of an injury or accident must show that it 'arose out of and in the course of the employment' . . . 'The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so.' " ' " There was evidence that Ms. McDonald had been questioned about the notice given her by claimant's counsel. She was asked: "And he informed you at that time that she had a claim and she was pursuing the claim for workers' compensation benefits; did he not? A. That's right. Q. Did he not also inform you that this was as a result of an accident which she claims she had while she was working? A. That's right. . . . Q. Did he not also inform you that she claimed she was working for the Chamber of Commerce at that time? . . . A. That's right." This is "some evidence" as to sufficiency of the notice, and the board applied the correct law, thus the superior court was in error in reversing. *Wilson*, supra at 410.

2. We find no merit to appellant's claim that *Hart* was misapplied. Although the superior court reversed the board's award, it also "reman[ed] this matter for further hearings on the issues of employment, including the issue of whether or not the Chamber is subject to the Act."

3. The remainder of the enumerations of error is mooted by the above findings.

*Judgment reversed, with direction that the trial court enter judgment for claimant. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 28, 1989 —
REHEARING DENIED MAY 8, 1989 —

*Galis & Packer, Kennedy R. Packer*, for appellant.
*Heard, Leverett & Phelps, R. Chris Phelps, Cynthia G. Weaver*, for appellee.