A89A1643. THOMAS v. HARRISON POULTRY COMPANY et al.
(390 SE2d 308)

McMurray, Presiding Judge.

Christine Thomas ("claimant") was injured while working for Harrison Poultry Company ("the employer"). On November 4, 1987, a hearing was conducted before an administrative law judge of the State Board of Workers' Compensation and, in an order dated November 30, 1987, it was determined that claimant was entitled to continued payment of weekly income benefits due to disability caused by on-the-job injuries. However, the administrative law judge denied claimant's request for payment of certain medical expenses, finding that the unpaid medical bills were the result of treatment provided by a physician who was not an "authorized treating physician." The full board affirmed this award on March 10, 1988. An appeal was not made to the superior court.

On May 4, 1988, the claimant requested the State Board of Workers' Compensation to approve a change of physicians from the employer's approved physician to a physician who was not approved by the employer. The claimant argued that the employer's authorized treating physician "was no longer willing to treat her. . . ." This request was denied. However, "[u]pon de novo review of all evidence submitted," the full board granted claimant's request to change physicians. The employer appealed and the superior court reversed the full board's decision, finding "no showing from competent evidence that any current medical difficulties are attributable to the work related injury." The claimant then filed an application for discretionary appeal to this court and we granted an appeal to determine whether the superior court applied the appropriate standard of appellate review. *Held*:

In reviewing an award of the full board of the State Board of Workers' Compensation, " '[t]he rule is that the decision of the trier of fact will not be set aside on appeal if there is any evidence to support *the finding*.' (Emphasis in original.) *Russell v. Ga. Regional Hosp.*, 152 Ga. App. 895 (264 SE2d 497) (1980). The Full Board's 'findings of fact are not to be set aside because the reviewing court disagrees with the conclusions drawn therefrom. When using the "any evidence" criteria, the facts are to be construed in a light most favorable to the party prevailing before the board. Reviewing courts do not consider the weight of evidence. . . .' *St. Paul Ins. Co. v. Henley*, 141 Ga. App. 581, 582 (234 SE2d 159) (1977)." *Cobb Gen. Hosp. v. Burrell*, 174 Ga. App. 631 (331 SE2d 23).

The record in the case sub judice shows that the full board allowed claimant to change physicians, relying primarily on evidence submitted at the November 4, 1987, hearing wherein it was determined that claimant was entitled to continued workers' compensation

benefits due to on-the-job injuries. It is not disputed that evidence offered at this hearing authorized a finding that claimant's medical difficulties were caused by work related injuries. Further, the record shows that on November 30, 1987, the approved treating physician released claimant to "seek [a] doctor of her choice if she so desires." This evidence authorized the full board's decision to allow claimant to change from the approved treating physician to a physician of claimant's choice. Consequently, the superior court erred in reversing the full board's award. See Cobb Gen. Hosp. v. Burrell, 174 Ga. App. 631, 632, supra.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 30, 1990.

*Jones & Jones, Francis G. Jones III*, for appellant.
*Frederick A. Bading*, for appellees.