A90A1701. HARPER v. L & M GRANITE COMPANY, INC.
(397 SE2d 739)

BIRDSONG, Judge.

This is a discretionary appeal granted pursuant to OCGA § 5-6-35. Appellant Curtis Harper alleges an on-the-job injury with appellee L & M Granite Company, Inc. (hereinafter L & M) occurring in October, 1987. Appellant filed a claim for workers' compensation in May 1989. The trial court found inter alia that appellant's claim against L & M was barred by the one-year limitation contained in OCGA § 34-9-82. *Held*:

1. Appellant asserts that the trial court erred in failing to affirm the board's findings that he had given proper notice of injury by accident as contemplated by OCGA § 34-9-80. Because of the result reached in Division 2 below, we believe it necessary to address the issue of notice at this time.

"The question as to adequacy of notice of the accident required by OCGA § 34-9-80 was laid to rest in *Schwartz v. Greenbaum*, 236 Ga. 476 (1) (224 SE2d 38) (1976), which renounced a prior Supreme Court decision to the contrary and held: A liberal construction must be given to effectuate the humane purposes for which the Workers' Compensation Act was enacted. OCGA § 34-9-80 does not require that notice of an injury or accident must show that it arose out of and

in the course of the employment. The required notice need not be given with a view to claiming compensation, and is sufficient if it puts the employer on notice of the injury so that it may make an investigation if it sees fit to do so." (Citations and punctuation omitted.) *Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 482 (1) (d) (382 SE2d 150). The notice need not be in a particular format, but the employee carries the burden of giving timely notice, which will indicate to the proper statutory recipient thereof that " 'there exists at least a possibility that the injury complained of may be job-related' " (*Wilson v. Manville Bldg. &c. Prods.*, 179 Ga. App. 408, 409-410 (346 SE2d 851)) so that the employer " ' "may make an investigation if [he] sees fit to do so." ' " (*State of Ga. v. Mitchell*, 177 Ga. App. 333, 334 (1) (339 SE2d 384); *Carroll v. Dan River Mills*, 169 Ga. App. 558, 561 (1) (313 SE2d 741)).

A superior court, when sitting as an appellate body, is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight of the evidence and witness credibility. *Maddox*, supra at 481. In this case appellant testified that he had immediately notified his immediate supervisor, Stanley Mills, of his injury; that Mills had told the President of L & M, Mack Thornton, about it; and that appellant did, the next day or within a few days of the injury, personally inform Mack Thornton that he had hurt his back operating the polishing mill. The record also reflects that on October 21, 1987, within 30 days of the alleged injury, appellant visited a doctor, and that Mack Thornton received a call from the doctor's office informing him that appellant had injured his back and claimed it occurred on the job, and inquiring whether "this particular call [would] be on workman's compensation." The record in its entirety clearly meets the "any evidence" of notice requirement, and the findings of the ALJ and board must be sustained as to that issue.

2. Appellant asserts that the trial court erred in overturning the holding of the ALJ and board that L & M made certain payments of benefits to appellant that activated the two-year statute of limitation of OCGA § 34-9-82, and in holding that appellant's claim was barred by the one-year statute contained within this same Code section.

(a) OCGA § 34-9-82 contains certain exceptions to the one-year statute of limitation not found in its predecessor statute, Code Ann. § 114-305, as the latter statute existed before the comprehensive revision of the Workers' Compensation Act in 1978. See generally Ga. L. 1978, p. 2220, § 2; compare Code Ann. § 114-305 (Harrison Code 1973 ed.) with Code Ann. § 114-305 (Harrison Code 1990 ed.). OCGA § 34-9-82 (a) provides that "[t]he right to compensation shall be barred unless a claim therefor is filed within one year after injury, *except* that if payment of weekly *benefits* has been made . . . by the employer *on account of the injury* the claim may be filed . . . within two

years after the date of the last payment of weekly *benefits.*" (Emphasis supplied.) It is uncontroverted that appellant filed his claim more than one year but less than two years after the date of his injury.

The ALJ and board specifically found that "[t]he employee was off for several weeks and the employer paid him for a two-week period. . . . [T]hat was payment in lieu of compensation and that the statute of limitations of two years has not run." The superior court held that "[e]ven under the 'any evidence' rule . . . there was no evidence to support the [b]oard's holding that it was in payment in lieu of [w]orkers' [c]ompensation benefits." In so holding the court noted that "[t]he only evidence as to the payments *beyond that of the employee* of his receiving the amount is that of . . . [the] President of L & M. He testified that the amount was an advance for he recognized the usually long delay of receiving health insurance benefits. This is the only evidence as to the nature of the payment. Therefore, the [c]ourt finds that said payments were not in lieu of benefits." (Emphasis supplied.)

The record reflects that the president of the company, Mack Thornton, denied payments were made so that appellant would not file a workers' compensation claim, that Thornton authorized the claim to be filed against group insurance, and that when he gave the so-called "advance," he believed appellant would be returning to work. Thornton, however, further testified that the payments were made on an L & M check, and admitted at the hearing that he was paying wages to appellant when the latter was out of work. Thornton also admitted that he sent a separation notice to appellant around the first of December of 1987, but asserted that it was because appellant failed to report back to work on the date promised.

Appellant testified he notified Mack Thornton that he wanted workers' compensation, and that Thornton did not want him to file under workers' compensation for his injury. Mack Thornton, his employer at L & M, paid appellant by check for 70 hours work at $6.50 per hour, during the two-week period that appellant was off work. When asked why Mr. Thornton had paid by check for 35 hours a week at $6.50 an hour, appellant testified, "I hadn't filed it on my insurance, you know. I did like he told me to do, not to file it on insurance." Appellant testified that at all times he was only doing as he was told. He further testified that before he could report back to Thornton, "I got something in the mail . . . that he was firing me," and that appellant was still injured at the time.

Upon appeal, the evidence will be construed in a light most favorable to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court. See generally *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (2) & (3) (224 SE2d 65); see *Raley*

*v. Lanco Paint &c.*, 190 Ga. App. 462, 465 (3) (379 SE2d 196). Neither the superior court nor this court has any authority to substitute itself as a fact-finding body in lieu of the board; an appellate body is bound by the "any evidence" standard of review, and is not authorized to substitute its judgment as to weight and credibility of witnesses. *Maddox*, supra at 481 (1) (b, c); *Howard Sheppard*, supra at 410 (4) & (5); accord *Thomas v. Harrison Poultry Co.*, 194 Ga. App. 353 (390 SE2d 308). Construing the evidence in the light most favorable to the party who prevailed before the board, in this instance the appellant, we find that there exists some evidence from which the ALJ and board could find that the payments made were in lieu of compensation. Specifically, the factfinders could *infer* from a combination of the testimony of appellant and Mack Thornton that L & M elected to pay appellant *benefits on account of his injury* in lieu of having him immediately file a claim for workers' compensation, as Mack Thornton, President of L & M, desired not to process the claim under workers' compensation but as an insurance claim. Incidentally, it also could be inferred that L & M was motivated to make benefit payments as there was a delay in the payment of insurance claims which, if not off-set by timely benefit payment, might cause appellant to file for workers' compensation instead. As the findings of the ALJ and board are supported by evidence of record which meets, albeit barely, the "any evidence" standard of review, we find that the trial court has erred to the prejudice of appellant, and that appellant has timely filed his claim within the two-year limitation period of OCGA § 34-9-82 (a).

(b) Appellee's reliance on *Davis v. Union Camp Corp.*, 188 Ga. App. 36 (371 SE2d 898) is misplaced, as the facts of the case sub judice are distinguishable. In *Davis* the issue before this court was whether an employer was entitled to a *credit* for salary paid to an employee in lieu of workers' compensation disability benefits in the absence of compliance with Board Rule 220 (b), as it existed at the time in question. The issue currently before us is whether the record contains "any evidence" that the payment made to appellant qualified as the payment of weekly benefits on account of the injury so as to bring appellant's claim within the two-year time limitation exception of OCGA § 34-9-82. We have answered this question in the affirmative in Division 2 (a), above.

Appellee also asserts that the disposition of this case should be controlled by our holding in *Mason v. City of Atlanta*, 124 Ga. App. 849 (186 SE2d 285); compare *Reliance Ins. Cos. v. Richardson*, 137 Ga. App. 678 (1) (224 SE2d 812); *Hennessee v. Jennings*, 48 Ga. App. 188 (3) (172 SE 583). But to the extent that these cases and their progeny held, or opined by way of dictum, that in the absence of an approved *agreement* or award, payments made to an employee are

mere gratuities, for which the board is not authorized to give the employer/insurer credit, they were either overruled or disapproved in *Sprayberry v. Commercial &c. Ins. Co.*, 140 Ga. App. 758, 762 (3) (232 SE2d 111). Moreover in 1978, Georgia changed the method of compensation payment "from the agreements system to the direct payment system" (*Clarke v. Samson Mfg. Co.*, 177 Ga. App. 149, 151 (1) (338 SE2d 738)). There exists, however, a line of older cases prior to 1978 and when the "agreement system" was in effect, wherein it was held that the one-year time limitation in then Code Ann. § 114-305 was not tolled "by the voluntary payment of wages or doctor's and hospital bills by the employer. . . ." *United States Cas. Co. v. Owens*, 109 Ga. App. 834, 837 (137 SE2d 543), overruled on other grounds, *Brown Transport Corp. v. James*, 243 Ga. 701, 702 (257 SE2d 242); accord *Hartford &c. Indem. Co. v. Snyder*, 126 Ga. App. 31 (9) (189 SE2d 919) (making of gratuitous payments); overruled on other grounds in *Sprayberry* and *Brown,* supra; *Baggett Transp. Co. v. Barnes*, 109 Ga. App. 98 (135 SE2d 343), distinguished and disapproved to extent language is contrary to holding in *Sprayberry*, supra; *Withers v. Fulwood*, 89 Ga. App. 113 (2) (78 SE2d 865); *Thomas v. Lumbermen's Mut. Cas. Co.*, 57 Ga. App. 434, 437 (195 SE 894) (dictum), disapproved to extent language is contrary to holding in *Sprayberry*, supra; *Attaway v. First Nat. Bank*, 49 Ga. App. 270 (175 SE 258), disapproved to extent language is contrary to holding in *Sprayberry*, supra; *New York Indem. Co. v. Allen*, 47 Ga. App. 657 (171 SE 191). To the extent the language in these cases, regarding voluntary or gratuitous payments not tolling the one-year statute of limitation, has not been overruled by *Sprayberry*, we find such precedent not to be dispositive. These cases concern the specific issue of the "tolling" of the then existing one-year statute of limitation. See generally Code Ann. § 114-305 (Harrison Code 1973 ed.). In 1978, Code Ann. § 114-305, now OCGA § 34-9-82, was substantially modified expressly to provide that the two-year limitation would apply when "payment of weekly benefits has been made . . . on account of the injury." The statute on its face does not distinguish between payments of weekly benefits made voluntarily and those made otherwise; all that is required to trigger the two-year limitation is that the payment, whether voluntarily made or not, was tendered as a weekly benefit *on account of the injury.* We must presume the legislature was aware of the above precedent when it chose to expand the scope of the statute of limitation now found in OCGA § 34-9-82 (a). See generally *McPherson v. City of Dawson*, 221 Ga. 861, 862 (148 SE2d 298). Moreover, if the legislature had intended not to allow weekly benefits paid voluntarily to trigger the two-year limitation, it would have been an easy task to have so provided. Thus, the above cases are not controlling in the interpretation of the two-year limitation in OCGA § 34-

9-82 (a).
*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 4, 1990.

*Stephen C. Carter*, for appellant.
*Woodson & Hanofee, H. Clifton Woodson*, for appellee.