A92A0336. GASSES v. PROFESSIONAL PLUMBING COMPANY et al.
(418 SE2d 424)

SOGNIER, Chief Judge.

Joseph Gasses, Jr. injured his back in June 1989 during the course of his employment with Professional Plumbing Company (PPC). PPC suspended his benefits in August 1990 on the basis that Gasses allegedly had returned to work for a different employer without any physical restrictions placed on the duties he could perform. After a hearing on whether there was change in Gasses' condition, the administrative law judge rejected the contention of PPC and its insurer that Gasses was not entitled to any benefits because he was able to perform unrestricted work and held, based on his finding that Gasses was able to perform only restricted, light-duty work not involving heavy lifting, that the only change in Gasses' condition was from total disability to partial disability. The State Board of Workers' Compensation made the ALJ's award its own. The Superior Court of Fulton County reversed the Board on the basis that there was no

competent evidence to support an award of any amount of benefits for Gasses. We granted Gasses' application for discretionary appeal.

At the hearing before the ALJ, appellant testified that prior to his work-related back injury, he had worked as a plumber's helper and was required to carry items weighing 80 pounds. Appellant stated that after an initial period during which he was totally incapacitated, his condition had improved to the point where he could pick up painlessly items weighing not more than 20 pounds, and that he could not use painkillers or muscle relaxants while working on construction sites. Appellant testified that "I'm not crippled, I'm not disabled, but I cannot do heavy lifting without pain." He testified he had obtained through his own efforts a job in which he worked as a light-duty plumber's helper. Appellant's physical therapist testified that in July 1990 appellant was able to lift only 25 pounds without experiencing pain. Appellant's current employer also testified that he hired appellant with the understanding that appellant could not lift heavy items, that appellant did not do heavy lifting on the job, and that at times appellant would either have to sit and rest or go home when the pain in his back bothered him. Appellees introduced documentary evidence that three doctors had determined appellant was capable of returning to work without any restrictions on his work activities.

We reverse the superior court's judgment. The superior court found that there was no competent evidence to support the Board's award in favor of appellant because three doctors had released appellant to unrestricted work and appellant himself had testified that he was "not disabled." We do no agree with the superior court that appellant's statement regarding his lack of disability could reasonably be interpreted as an admission that he was capable of performing unrestricted work given his testimony clearly explaining that his work-related injury still limited him to light-duty work. Although appellees argue that the only evidence that appellant is not able to perform unrestricted work is appellant's "self-serving statements" to the contrary, it is well established that "[a] party to an action is a *competent* witness. OCGA § 24-9-1 (a). The fact that a witness is a party goes to the weight and credibility of [his] testimony. OCGA § 24-4-4. Where the claimant swears to [his] injury and disability, this testimony's weight and credibility is to be determined solely by the ALJ and the board, and [his] testimony alone is sufficient to establish those facts. [Cits.] '(T)he findings (of the board) are conclusive and binding (OCGA § 34-9-105 (c)) and neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.' [Cits.] The superior court, when sitting as an appellate body, is bound by the 'any evidence' standard of review and is not authorized to substitute its judgment as to weight and credibility of the witnesses. [Cit.] The ALJ and board may choose to believe the

testimony of the claimant as opposed to the testimony of an expert witness. [Cits.] The testimony of the claimant provided the 'any evidence' in support of the ALJ and board's findings, and the superior court erred in substituting its judgment for that of the board in weighing the credibility of the claimant's testimony, and finding no competent evidence in support of the board's award." *Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 481-482 (1) (b), (c) (382 SE2d 150) (1989).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 24, 1992.

*Allan R. Smith*, for appellant.
*Savell & Williams, Jennifer H. Chapin*, for appellees.