S93A0782. YOUNG v. COLUMBUS CONSOLIDATED
GOVERNMENT.
(430 SE2d 7)

HUNSTEIN, Justice.

The claimant in this workers' compensation case sustained an on-the-job back injury on April 9, 1991. The panel physician assigned claimant to light-duty work, and appellee-employer provided a light duty job of cleaning trucks. Claimant worked at this task for one day but left work the following day and did not return. The panel physician then returned claimant to regular-duty work on June 21, 1991. The Board awarded the claimant income benefits for the entire period based on a finding that the claimant was unable to perform the light-duty work assigned to him. However, that award was ultimately reversed by the superior court based on a determination that it was not supported by competent evidence. The Court of Appeals denied claimant's application for a discretionary appeal, and the case is now before us pursuant to our grant of the claimant's petition for certiorari to address the standard of review used by the trial court.

1. The findings of the Board are conclusive, OCGA § 34-9-105 (c), and a superior court, when sitting as an appellate body, is bound by the "any evidence" standard of review and is not authorized to substitute itself as a fact-finding body. *Maddox v. Elbert County Chamber of Commerce,* 191 Ga. App. 478, 481 (382 SE2d 150) (1989). Moreover, where the evidence is in conflict, "the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact." *Carroll v. Dan River Mills,* 169 Ga. App. 558, 562 (313 SE2d 741) (1984).

> If an injured employee refuses employment procured for him and suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal unless in the opinion of the board such refusal

was justified.

OCGA § 34-9-240. Appellee contends that the only evidence to support the Board's finding that the claimant was not capable of performing the light-duty job was claimant's own "self-serving" statements. However, it is axiomatic that a party is a competent witness and the weight and credibility of a party's testimony is to be determined solely by the ALJ and the Board. *Maddox v. Elbert County Chamber of Commerce*, supra at 481-482 (1). See *Gasses v. Prof. Plumbing Co.*, 204 Ga. App. 69, 70 (418 SE2d 424) (1992). Thus, as the testimony of the claimant could establish that he was incapable of performing the light-duty job procured for him by appellee, it follows that the trial court erred in reversing the Board's award of income benefits.

2. We do not reach the claimant's remaining enumeration of error, as it was withdrawn by counsel during oral arguments in this case.

*Judgment reversed. All the Justices concur; Clarke, C. J., not participating.*

DECIDED JUNE 7, 1993.

*Janice B. McNatt*, for appellant.
*Self, Mullins & Robinson, Ronald W. Self*, for appellee.