## 64194. WILLIAMS BROTHERS LUMBER COMPANY v. MAGEE.

QUILLIAN, Chief Judge.

The State Board of Workers' Compensation entered a change in condition award in which it found that the claimant did not have any disability as the result of injury that she sustained on the job. The award also found that the claimant was disabled but that her present

disability was due to an automobile accident which was not job related. The Superior Court reversed the award because the board did not make a finding as to work being available to the claimant. *Held:*

In this case the claimant was not denied any further compensation because she was able to return to work but because the disability she now has is not connected with her employment. Therefore, *Peterson/Puritan, Inc. v. Day,* 157 Ga. App. 827 (278 SE2d 674) and other cases which deal with the availability of work in a change in condition case are not applicable to the case at bar.

Where the evidence authorizes, as it did in this case, a finding that the claimant has fully recovered from the injury received on the job and no longer suffers any disability therefrom, an award holding that there has been a change in condition is proper. *Hall v. St. Paul-Mercury Ind. Co.,* 96 Ga. App. 567 (101 SE2d 94); *Rivers v. Travelers Ins. Co.,* 93 Ga. App. 779 (2) (92 SE2d 818). This is true even though the claimant is disabled if such disability is due to causes unrelated to the on the job injury. If this were not true, a claimant could sustain an on the job injury and while recovering from the on the job injury sustain another injury which permanently disabled him and even though he recovered from the first injury the employer would never be able to prove a change in condition.

The reversal of the State Board of Workers' Compensation was error.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 17, 1982 —
REHEARING DENIED JULY 8, 1982.

*James B. Hiers, Jr., William G. Boyd,* for appellant.
*Clarence R. Horne, Jr.,* for appellee.