## 64851. WILLIAMS et al. v. LUMBERMENS MUTUAL CASUALTY COMPANY.

QUILLIAN, Chief Judge.

General Land Management, Sam Williams — President, was a general contractor engaged in the construction of a building in Lilburn, Georgia. Boyd Williams (no relationship) was hired as a subcontractor to do the concrete work. Boyd Williams hired a number of cement workers — including Fred Gibson, to work for him. On September 22, 1980, while working on this building, Gibson was injured when the roof fell on him as he was pouring concrete. Neither Boyd Williams, Sam Williams, nor General Land Management had workers' compensation insurance as required by Code Ann. § 114-602 (Code § 114-602, as amended through Ga. L. 1972, pp. 929, 930). An award was issued by the State Board of Workers' Compensation to Gibson in the amount of $121.00 per week during his disability. Sam Williams was dismissed as a party and Boyd Williams was directed to make the payment. Gibson was unable to collect his award from Boyd Williams and brought an action in the Gwinnett Superior Court against Sam Williams, and his wife, Carlene, the President and Secretary-Treasurer of General Land Management, under: (1) Code Ann. § 114-112 (Code § 114-112; Ga. L. 1969, p. 671) — which provides, in part, that a principal contractor shall also be liable for workers' compensation to any employee of his subcontractor to the same extent as the immediate employer; and (2) *Samuel v. Baitcher,* 247 Ga. 71 (274 SE2d 327), which held: "... Had the employer's agents (the Baitchers) carried out their duties under the [Workers' Compensation] Act by procuring workers' compensation insurance coverage, the award would have been collected. Under these limited circumstances, the employee may pursue a claim at law against the agent of the employer for an amount equal to the award of the Workers' Compensation Board." 247 Ga. at 74.

Sam Williams notified his comprehensive general liability insurance carrier — Lumbermens Mutual Casualty Co., of the action by Gibson against Williams and his wife. Lumbermens then complied with *Richmond v. Ga. Farm Bureau &c. Ins. Co.,* 140 Ga. App. 215 (231 SE2d 245) by notifying Sam and Carlene Williams of a reservation of rights while answering the Gibson complaint, and bringing this declaratory judgment action to determine its rights and liabilities. The Williamses appeal the grant of summary judgment to Lumbermens. *Held:*

Appellants enumerate but one error. They contend the trial court erred in granting the insurer's motion for summary judgment. They admit that the single issue is whether or not the terms of the

insurance policy exclude coverage for this incident. The insurer bases its claim to nonliability on three provisions of their policy: (1) Exclusion "I" provides coverage does not apply "to any obligation for which the insured or any carrier as his insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law . . ."; (2) Exclusion "J" excludes coverage for "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury . . ."; and (3) This was not an "occurrence" as defined by the policy which "means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

(1). The facts are not contested. Gibson's injury arose out of and during the course of his employment and he received an award from the Workers' Compensation Board. A principal contractor is as liable for that award as his subcontractor. Code Ann. § 114-112. If an employer fails to provide workers' compensation coverage the employee can collect the award from agents or officers of a corporate employer. *Samuel v. Baitcher,* 247 Ga. 71, supra. *Baitcher* also held: "The employee here has not attempted to elect a remedy outside of the Act, but is attempting to collect a judgment based on the award of the Workers' Compensation Board . . . Samuel is merely attempting to enforce the act on his behalf; it is not he but the corporate officers of the employer who have circumvented the act. It is not reasonable or just to hold that an employer's agents may fail or refuse to perform duties imposed upon them by the statute and at the same time rely upon the statute to escape the consequences of their failure to act properly." 247 Ga. 72-74, supra. Thus, although exclusion "J" of the insurance policy excluded coverage for "any obligation for which the insured or any carrier as his insurer may be held liable under any workers' compensation . . .," and there was no workers' compensation coverage — under *Baitcher,* supra, the workers' compensation award by the Board is an "obligation" enforceable against the agents and officers of the corporate employer and such action is not "outside of the Act" as the employee-plaintiff "is merely attempting to enforce the act on his behalf . . ." 247 Ga. at 72-74. Accordingly, we conclude, as did the trial court, that the policy of insurance contract specifically excluded this type "obligation" which arose directly from the Workers' Compensation Act.

(2). Exclusion "J" precluded coverage for "bodily injury to any employee of the insured arising out of and in the course of his employment . . ." although it is arguable that Gibson was not an

"employee" of Sam Williams but an "employee" of his subcontractor — for the purpose of the Workers' Compensation Act, the principal contractor stands in the place of the subcontractor as to any employee of the subcontractor. Code Ann. § 114-112. Thus, for the purposes of this contract coverage the claimant was an employee whose bodily injury arose out of and in the course of his employment.

(3). We need not reach the third portion of this enumeration as either of the first two grounds urged in the trial court support the award of summary judgment for Lumbermens.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 17, 1982.

*Walter C. Alford,* for appellants.

*W. Wray Eckl, Robert M. Darroch, Richard T. Gieryn,* for appellee.