## 77487. RALEY v. LANCO PAINT & DRYWALL et al.
### (379 SE2d 196)

CARLEY, Chief Judge.

In July of 1986, appellant-employee was involved in a job-related accident. As of November of 1986, appellees-employer/insurer commenced the voluntary payment of workers' compensation benefits to him. In March of 1987, however, the payment of benefits was unilaterally suspended by appellees on the basis of an alleged *change* in appellant's condition. Appellant requested a hearing on the issue of whether there had been such a change in his condition as would warrant the suspension of his benefits. In addition, appellant sought an award of attorney's fees pursuant to OCGA § 34-9-108 (b). After conducting a hearing, the Administrative Law Judge (ALJ) found that appellees had not carried their burden of showing a change in appellant's condition and awarded continued benefits and attorney's fees to appellant. Appellees appealed to the Full Board. After its de novo review, the Full Board adopted the award of the ALJ as its own.

Appellees then appealed to the superior court. Relying upon OCGA § 34-9-105 (c), the superior court reversed the award as lacking sufficient evidentiary support and the case was remanded to the Full Board for additional findings. In specific, the superior court held: "While there is testimony to establish [appellant] was injured on July 24, 1986 and became disabled after that date, the record is not adequately developed to support the findings adopted by the [Full] Board. [Cit.] The record should show the nature of the injury. . . ." This appeal results from the grant of appellant's application for a discretionary appeal from the superior court's order.

1. Urging that the "any evidence" standard was misapplied by the superior court, appellant enumerates the reversal of his award and the remand of the case for additional findings as erroneous.

Since appellees had been making the voluntary payment of compensation benefits to appellant for more than sixty days, "the applicable provision here is that portion of OCGA § 34-9-221 (h) which provides that, after the passage of 60 days from the due date of the first payment of compensation made without an award, the employer/insurer 'shall not' controvert liability 'except upon the grounds of change in condition or newly discovered evidence. . . .'" *Carpet Transport v. Pittman*, 187 Ga. App. 463, 465 (1) (370 SE2d 651) (1988). Appellees did *not* seek to controvert liability on the ground of newly discovered evidence relating to the compensability of appel-

lant's *original* work-related accident of July 1986. Compare *Carpet Transport v. Pittman,* supra. What appellees *did* seek was to controvert liability on the ground of a *change* in appellant's condition. Accordingly, contrary to the superior court's ultimate conclusion, a more extensive investigation by the Full Board into the "nature" of appellant's *original* injury would constitute a totally irrelevant inquiry. By the passage of time, the "nature" of appellant's original injury was established as being such as to render appellees liable for the payment of compensation benefits for so long as appellant continued to be disabled as the result thereof. Thus, the proper evidentiary focus would be upon the "nature" of appellant's condition *subsequent* to his original compensable injury rather than upon the "nature" of the original injury itself. Appellees had the burden of showing that, notwithstanding the otherwise uncontested compensability of a disability attributable to appellant's original work-related accident, there had been "a change in [his] wage-earning capacity, physical condition, or status . . . , which change must have occurred after the date on which [appellant's] earning capacity, physical condition, or status . . . was last established by award or otherwise." OCGA § 34-9-104 (a).

Appellees' suspension of the payment of benefits in March of 1987 was premised upon their contentions that appellant had "returned to work [and also that his] [c]urrent medical disability is not a result of his [compensation] claim." The award of the ALJ, as adopted by the Full Board, found that appellees had not met their burden of showing that such subsequent changes in appellant's condition had occurred. Therefore, unless the evidence of record demanded a contrary finding either that appellant *had* returned to work or that his current disability was *not* related to his original work-related accident, the superior court erred in reversing the award and remanding the case for additional findings. See generally *Horton v. Ga. Power Co.,* 164 Ga. App. 252 (296 SE2d 798) (1982); *New Hampshire Ins. Co. v. Riddle,* 126 Ga. App. 96, 97 (2) (190 SE2d 100) (1972).

2. The evidence of record clearly did not demand a finding that, subsequent to his original injury, appellant's condition had changed by virtue of his return to work. At the hearing, appellant testified that he had not been employed by anyone in any capacity since the date of his job-related injury. " 'In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion.' [Cit.]" *Cobb Gen. Hosp. v. Burrell,* 174 Ga. App. 631, 632 (331 SE2d 23) (1985). The finding that appellant had not returned to work since his original disabling injury was supported by some evidence and a reversal of the award on the ground that a contrary finding was demanded would not be au-

thorized.

3. It is undisputed that appellant is currently disabled and that his disability is the result of neuropathy. Thus, the issue to be resolved is whether the evidence demanded a finding that appellant's current neuropathy is not attributable to his original work-related accident. If, but only if, the evidence demanded such a finding, appellant has no right to continued compensation and the superior court correctly reversed the award and remanded for further findings. See *Williams Bros. Lumber Co. v. Magee*, 162 Ga. App. 865 (292 SE2d 477) (1982).

There was no burden on appellant to prove that his neuropathy was caused by the work-related accident. The burden was entirely on appellees to prove that no such causal connection exists. The evidence upon which appellees rely as demanding a finding that they met their burden of proving that appellant's current disability is not the result of his original work-related accident is a letter of appellant's treating physician. In relevant part, this letter, dated March 23, 1987, states, "I cannot explain the neuropathy in either of [appellant's] arms. . . . It appears there was no injury to the nerves as a result of the accident which occur[r]ed on July 2[6], 1986."

There is considerable doubt whether such a statement should even be considered as the expression of a probative opinion by the physician as to the cause of appellant's current disabling condition. In effect, the physician states that, while it "appears" that appellant's current condition is not the result of the original work-related accident, he ultimately has *no* explanation for what the cause of that condition might be. That it merely "appears" that no causal relationship exists between the original injury and the current neuropathy is certainly a less definitive conclusion than an unequivocal opinion that no such causal relationship could in fact exist. The physician's statement does not eliminate appellant's original compensable accident as a *possible* cause of his current disability. "[W]hile the [physician] stated that the cause of the [disability] was [neuropathy], [he] could not offer any explanation of the cause of the [neuropathy]." *American Motorists Ins. Co. v. Blaylock*, 84 Ga. App. 409, 413 (66 SE2d 126) (1951).

Moreover, assuming that the physician's statement would even *authorize* a finding that there was no causal relationship between the original work-related accident and appellant's current disabling condition, it clearly did not *demand* such a finding. " 'A medical expert may give his opinion as to the cause of an injury; but where the cause of the injury constitutes the ultimate issue of fact to be determined by the fact-finding tribunal, this opinion is not absolutely binding on such tribunal. To hold otherwise would preclude such tribunal from exercising its proper function. The fact-finding body must take the

evidence of the medical expert along with all other facts and circumstances of the case, and thus determine the ultimate issue.' [Cits.]" *Fulton-DeKalb Hosp. Auth. v. Hadley*, 174 Ga. App. 503, 505 (1) (330 SE2d 432) (1985). "The Full Board is not ' "bound in every way to accept the literal statements of a witness before it, merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts and in still other ways the question of what is the truth may remain an issue of fact, despite uncontradicted evidence in regard thereto." [Cits.]' [Cit.]" *Cobb Gen. Hosp. v. Burrell*, supra at 632. Considering all the other facts and circumstances of the case, there is some evidence to authorize a finding that appellant's current disability from neuropathy is the continuing result of his original work-related accident rather than of some non-compensable cause. See generally *Autry v. Gen. Motors &c. Plant*, 85 Ga. App. 500 (69 SE2d 697) (1952). " 'The distinction between proximate and remote causes is not to be too rigorously pressed in the application of the [Workers'] Compensation Act.' " *Thomas v. U. S. Cas. Co.*, 218 Ga. 493, 494 (3) (128 SE2d 749) (1962). "[W]here the facts testified to by the claimant raise a reasonable inference that the accident claimed to have occurred is causally connected with the disability from which the claimant is suffering, there is some evidence to support a finding in his favor, even though such finding may be unsupported or even contradicted by expert witnesses. [Cit.]" *Travelers Ins. Co. v. Childers*, 110 Ga. App. 466 (2) (138 SE2d 923) (1964). A finding that appellant's current disability is the result of the original job-related accident being supported by some evidence, a reversal of the award on the ground that a contrary finding was demanded would not be authorized.

4. The superior court also remanded the case to the Full Board to "develop the basis for the finding that [appellees'] actions were unreasonable and warranted an award of attorney's fees."

To authorize an award of attorney's fees, "[t]he conclusion that appellees acted . . . 'without reasonable grounds' must be supported by specific findings of fact. [Cit.]" *Ledbetter v. Pine Knoll Nursing Home*, 180 Ga. App. 654, 656 (3) (350 SE2d 299) (1986). However, the conclusion of the ALJ, as adopted by the Full Board, that appellees had acted "without reasonable grounds" is supported by sufficiently specific findings regarding appellees' suspension of appellant's benefits without proper notice. Compare *Ledbetter v. Pine Knoll Nursing Home*, supra. Accordingly, the superior court erred in remanding the case to the Full Board to "develop the basis for the finding that the employer's actions were unreasonable. . . ." A review of the record on appeal shows that "[t]he evidence was sufficient to support the findings of fact that the [appellees] failed to comply with [OCGA § 34-9-221] without reasonable grounds." *Liberty Mut. Ins. Co. v. Kirkland*,

156 Ga. App. 576-577 (1) (275 SE2d 152) (1980).

5. The trial court erred in reversing the award of benefits and attorney's fees to appellant and in remanding the case to the Full Board for further findings. The award in favor of appellant should have been affirmed.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 —

*Mundy & Gammage, E. Lamar Gammage, Jr., George E. Mundy,* for appellant.

*Savell & Williams, John M. Williams, Richard G. Farnsworth,* for appellees.