A90A0837. HARDEN v. SOUTHEASTERN MEAT COMPANY et al.
(395 SE2d 273)

Deen, Presiding Judge.

We granted a discretionary appeal in this workers' compensation case to determine whether the Superior Court of Fulton County erred in affirming those parts of the award of the State Board of Workers' Compensation which held that no attorney fees should be assessed against the employer/insurer (appellees here), and that no medical ex-

penses incurred more than one year prior to the filing of appellant's claim should be paid by the employer/insurer. Just prior to granting the instant appeal, we denied the application of the employer, which sought to appeal those portions of the board's award holding that the injury claim was viable and was filed within the one-year statute of limitation, and that the employer was not entitled to credit either for the claimant's salary paid for approximately one month after the injury or for the portion of approved medical expenses paid by the group health insurance carrier.

Harden, a Southeastern Meat Company (Southeastern) employee for approximately thirty years, worked in the firm's cooler and freezer, where the respective temperatures were between 32 degrees F and -10 degrees F. There was some evidence that he had smoked cigars in the past. After experiencing respiratory problems for approximately one year, Harden was diagnosed in 1981 as having asthma, to which he apparently had a genetic predisposition. In April 1985 the same physician who had diagnosed the asthma wrote a letter to Southeastern stating that he believed the asthma attacks to be related to appellant's exposure to cold air on the job. (He subsequently stated on deposition, however, that the symptoms were the same whether the asthma attack was triggered by job conditions or by weather changes.) The administrative law judge (ALJ) who heard the case stated in his January 1989 award that the physician's April 1985 letter constituted notice to Southeastern that Harden's job duties were aggravating the asthma. According to the record, Southeastern offered Harden a job driving and unloading a refrigerated truck; Harden declined because the working conditions were not materially better with respect to his physical capacity and because his asthma medication made driving unsafe.

Claimant/appellant was hospitalized twice in 1985 for the asthma and again in early 1986, after which time he did not return to work, the physician having stated that the aggravation was permanent. According to the record, Harden filed his claim on December 23, 1986, and employer/insurer filed a notice to controvert on January 5, 1987, which was within twenty-one days of the filing of the claim.

After a hearing the ALJ awarded total disability income benefits retroactive to January 31, 1986. He ruled that attorney fees should not be assessed against employer/insurer because of the existence of "legitimate legal issues" regarding the claim's compensability (employer/insurer had argued that an occupational disease was involved) and ruled also that only those medical expenses incurred subsequent to December 23, 1985 (one year prior to the filing of the claim), were entitled to be paid. The full board affirmed the ALJ's award in May 1989, and the Fulton Superior Court affirmed the Board July 27, 1989. This court then denied appellees' application and granted that

of Harden. *Held*:

1. The standard of review of decision by the Board of Workers' Compensation is the "any evidence" standard, and "a finding of fact by . . . the State Board . . . , when supported by any evidence, is conclusive and binding upon the [superior] court." *Skelton v. Dept. of Transp.*, 191 Ga. App. 835, 836 (383 SE2d 162) (1989). According to the record before us, the court, while not reciting the "any evidence" standard *verbatim*, reviewed the evidence adduced before the Board and noted that "[t]he question of reasonable grounds is an issue of fact for the Board's determination." Thus it appears that the court applied the proper standard, and that the first enumeration is therefore without merit.

2. Although OCGA § 34-9-82 does not expressly mandate refusal to pay medical expenses incurred more than one year before the filing of the claim, neither does it forbid such refusal. Inasmuch as the statute requires that a workers' compensation claim be filed within one year of the accident or injury, however, it would follow logically that only those medical expenses incurred within that one-year period (or, depending on the date of the filing, for a shorter period, beginning with the date of the injury and extending to the date of the filing of the claim) should by implication be compensable under workers' compensation law. Because in the instant case appellant filed his claim on December 23, 1986, or approximately eleven months after his last work day (January 31, 1986, on which date he was for the third time hospitalized for treatment of his condition), it was reasonable for the ALJ and the full board to set December 23, 1985, as the cut-off date for medical expenses associated with the condition which gave rise to the claim. Again looking to the standard cited in Division 1, supra, we find no error in the court's affirmance of the board's award. The second enumeration is also without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 29, 1990 —
REHEARING DENIED JUNE 19, 1990.

*Neely & Player, Andrew J. Hamilton, Joseph D. Perotta*, for appellant.

*Savell & Williams, Michael K. Jablonski, Robert E. Mulholland, Richard G. Farnsworth*, for appellees.