pellee.

A91A1209. SUNBELT SPECIALTIES et al. v. KEITH.
(410 SE2d 364)

SOGNIER, Chief Judge.

Walter Keith was injured in the course of his employment with Sunbelt Specialties and was awarded total disability income benefits under the Workers' Compensation Act, OCGA § 34-9-1 et seq. Sunbelt and its insurer subsequently sought to suspend payment of benefits to Keith on the basis that he had experienced a change of condition for the better. OCGA § 34-9-104. The administrative law judge ruled in favor of the employer, and the State Board of Workers' Compensation adopted the ALJ's findings and ruling. The Superior Court of Camden County remanded the case for consideration of an issue the judge found had not been evaluated on the record, and we granted the application for discretionary review filed by Sunbelt and its insurer.

1. We find no merit in appellants' contention that the superior court's order is null and void because it was not entered within 20 days of the hearing as required by OCGA § 34-9-105 (b). Although the date stamped on the order by the clerk's office indicates that the order was filed untimely, the superior court corrected the record to reflect that the order was filed the day it was rendered, which was within the 20 day statutory period. The superior court has the power to amend its own records so as to make them conform to the truth. OCGA § 15-1-3 (6).

2. Appellants contend the superior court erred by failing to affirm the Board's award. The record reveals that in 1966, appellee had spinal fusion surgery. Appellee testified that he had never had any problem with his back from the time of the spinal fusion surgery until March 19, 1988 when he injured his back picking up some heavy construction materials, and that since the injury he has been totally unable to do any work. The doctor who conducted an independent medical examination of appellee 21 months after the injury opined that appellee's problems stemmed from the preexisting spinal fusion (which the doctor estimated resulted in a 20 percent impairment to appellee's body as a whole) and concluded that although appellee "might" have some additional loss of motion associated with the March 19 injury, the physical impairment from this lost range of motion would not exceed five percent to the body as a whole and "might not be permanent."

The superior court found that the Board and ALJ had failed to evaluate on the record the effect of appellee's March 19 injury on his

preexisting injury because "[t]he omission from the [ALJ's] decision of any discussion of the impact an injury causing an impairment of approximately 5 % would have on the work ability of a person with a pre-existing impairment estimated at 20 % casts doubt on whether that critical issue was considered." However, the record reveals that after summarizing the testimony before him and further finding appellee's credibility questionable (for reasons properly set forth in the ruling), the ALJ found that "any disability [appellee] may be presently experiencing is related solely to conditions which preexisted" the March 19 injury, that appellee failed to produce any medical evidence which directly related his current disability to the March 19 injury, "nor did [appellee] produce any direct medical evidence which established that his [March 19 injury] aggravated his preexisting back condition." It is thus apparent that based on appellee's lack of credibility and the inadequacy of appellee's medical evidence, the ALJ determined that appellee was suffering from *no* impairment as a result of the March 19 injury. Applying the any evidence rule, see generally *Harden v. Southeastern Meat Co.*, 196 Ga. App. 22, 24 (1) (395 SE2d 273) (1990), we find the ALJ's determination on this matter is supported by the record. Given that determination, there was no reason for the ALJ or the Board to reach the issue raised by the superior court. Accordingly, the superior court erred by remanding this case.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 10, 1991.

*Drew, Eckl & Farnham, John A. Ferguson, Jr., Nicole D. Tifverman,* for appellants.

*T. William Veach,* for appellee.