## A92A0278. CHANDLER v. HANCOCK BUILDERS, INC.
(422 SE2d 206)

BIRDSONG, Presiding Judge.

Pursuant to our grant of his application for a discretionary appeal, James D. Chandler appeals from the judgment of the superior court reversing the award of the State Board of Workers' Compensation because the superior court found there was "insufficient competent evidence" in the record to support the board's decision that Hancock Builders, Inc., was subject to the Workers' Compensation Act and, hence, was Chandler's statutory employer.

The record shows that when injured Chandler was an employee of a subcontractor working on a Hancock Builders' project. Because Chandler's immediate employer did not have workers' compensation insurance, Chandler filed a workers' compensation claim against Hancock Builders; Hancock Builders denied liability because it was not subject to the Act as it had no employees and only contracted with subcontractors to build its houses. Because of Hancock Builders' denial of coverage, the issue was submitted to an administrative law judge.

At the hearing, Mr. Hancock, the president of Hancock Builders, testified that Hancock Builders had no employees and that the lot clearers, the nail drivers, the masons, the electricians, the concrete workers, and the house cleaners were all subcontractors. According to his testimony, these subcontractors did not have written contracts and none of them was hired to build any particular house. Instead, they were paid weekly on a per work unit basis, e.g., per electric outlet installed, per concrete block laid, per foot of concrete poured, etc. Additionally, the back of the checks by which these subcontractors were paid contained an indorsement which, when signed, swore that the indorser was a subcontractor. Further, certain of these subcontractors individually performed the work themselves and had no employees. Moreover, Mr. Hancock testified that Hancock Builders had only two officers, Mr. and Mrs. Hancock, and both had filed an exemption from workers' compensation coverage under OCGA § 34-9-2.1. Additionally, while the Hancock's son was an employee of Hancock Builders, Mr. Hancock testified that he was only a part-time employee when he was home from college.

After consideration of this evidence, the ALJ found that Hancock Builders was not subject to the Workers' Compensation Act because it had fewer than three qualifying employees. Upon de novo review, however, the full board found that Hancock Builders had more than three workers regularly in service and was subject to the Act. Therefore, Hancock Builders was liable to Chandler. In reaching this finding the full board found the Hancock's son was regularly, if not continuously, employed by Hancock Builders and was thus a regular

employee, found the persons who assisted in the construction of the homes were employees and not subcontractors, and found Mr. and Mrs. Hancock had not shown by a preponderance of the evidence they were exempt from coverage.

Upon appeal to the superior court, however, the full board's award was reversed because the superior court found there was insufficient competent evidence in the record to support the full board's findings. *Held*:

Chandler first alleges that the superior court erred by failing to apply the any evidence standard of review. Since the superior court and this court are bound by the any evidence standard, the superior court's rejection of the full board's award can stand only if there was no competent evidence supporting the findings of the full board (*Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410 (224 SE2d 65)), and in appeals from the full board, the superior court must construe the evidence in the light most favorable to the party prevailing before the full board and every presumption in favor of the validity of the award shall be given. *Maryland Cas. Co. v. Jenkins*, 143 Ga. App. 192 (237 SE2d 664). The superior court is authorized to reverse an award of the full board only when there is a plain error of fact or an error purely of law. See *Crawford W. Long Hosp. v. Mitchell*, 100 Ga. App. 276 (111 SE2d 120). Moreover, the full board was not required to accept Mr. Hancock's testimony merely because it was not contradicted by direct testimony. *Howard Sheppard, Inc. v. McGowan*, supra at 411.

Viewing the record under the any evidence standard, we find the following evidence supporting the full board's award (see *Moss v. Central of Ga. R. Co.*, 135 Ga. App. 904 (219 SE2d 593)): Hancock Builders had no written contracts with any of the purported subcontractors; most of the persons that Hancock claimed were subcontractors were the individuals who personally performed the work to be done; these individuals were not hired for any specific project, but were hired and paid weekly on a work unit basis; the persons so hired allegedly received no instruction or specification of the work to be performed from Hancock, but were deemed to know what needed to be done; and the persons so hired received regular checks from Hancock Builders. With this testimony, we must conclude there was evidence from which the full board could conclude that the people hired were regular employees, and were not subcontractors. See Hiers & Potter, Ga. Workers' Compensation — Law & Practice, §§ 3-4. Moreover, we do not find either the label given these employees by Hancock Builders or the indorsement placed on Hancock Builders' checks to be controlling. Therefore "[w]hile the evidence did not demand the finding made by the board, the evidence was nevertheless sufficient to support it. Consequently, even if the evidence could reasonably be in-

terpreted as the superior court did, the any evidence rule authorized the award. [Cits.]" *Winn Express Co. v. Hall,* 202 Ga. App. 45, 47 (413 SE2d 505). Accordingly, the superior court erred by reversing the full board on this issue. *Howard Sheppard, Inc. v. McGowan,* supra.

Further, pretermitting whether the full board correctly decided that Mr. and Mrs. Hancock had not exempted themselves from the coverage of the Act under OCGA § 34-9-2.1, the evidence supports the full board's finding that there were more than three other employees who were regularly in the service of Hancock Builders to invoke the coverage of the Act.

The judgment is reversed and the cause remanded to the superior court with direction to reinstate the award of the full board.

*Judgment reversed with direction. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 24, 1992 —
RECONSIDERATION DENIED JULY 31, 1992 —

*Fink & Travis, David H. Fink,* for appellant.
*Barnhart, O'Quinn & Williams, Terry E. Williams,* for appellee.