A92A2281. ERO INDUSTRIES et al. v. PHILLIPS.
A92A2408. SEW-RITE MANUFACTURING COMPANY et al. v. PHILLIPS.
(428 SE2d 396)

CARLEY, Presiding Judge.

The relevant facts in these workers' compensation cases are as follows: In March 1990, appellee-claimant injured her left wrist while employed by appellant-employer Sew-Rite Manufacturing, but she lost no time from work. In November 1990, she again injured her left wrist while employed by appellant-employer Ero Industries, but again

she lost no time from work. In March 1991, she was involved in a non-employment-related vehicular mishap and was treated for injuries to her back, left knee and right wrist. After this mishap, she did lose time from work. A hearing was held to determine appellee's entitlement to workers' compensation benefits. The ALJ awarded medical benefits for the injury to appellee's left wrist, but awarded no income benefits based upon the finding that "it has [not] been shown that she is unable to perform the regular duties of her work due to problems with her left wrist at this time." Upon de novo review, the Full Board adopted the ALJ's award in all material respects. On appeal to the superior court, however, the case was remanded for a clarification of appellants' respective liabilities for appellee's medical benefits and a redetermination of appellee's entitlement to income benefits. From the superior court's order, appellants filed separate applications for a discretionary appeal. The applications were granted and the resulting two appeals are hereby consolidated for appellate disposition in this single opinion.

1. The award of the ALJ, as adopted by the Full Board, found that appellee had suffered a compensable injury to her left wrist, which injury authorized medical benefits but not income benefits. This finding must be affirmed if there is "any evidence" to support it. At one point during the hearing, appellee testified that, at a date commencing *after* her vehicular mishap, she became unable to work because of the pain in her wrist, but she did not specify whether that pain was in her *left* wrist, which she had injured during her employment, or her *right* wrist, which she had injured in the vehicular mishap. She did, however, subsequently testify that she had been on sick leave "*solely* because of the injuries [she] received" in the vehicular mishap. (Emphasis supplied.) Appellee's medical records consistently note that she was not working because of "her back and *right* wrist problems." (Emphasis supplied.) There is some evidence that appellee's disability was attributable to the non-compensable injuries she received in the vehicular mishap, rather than the compensable injury to her left wrist. It follows that the superior court erred in remanding the case for a redetermination of appellee's entitlement to income benefits.

" ' "The [B]oard is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award. (Cits.)" (Cit.)' [Cit.] The evidence did not demand a finding that appellee was disabled as the result of her employment-related injur[ies]. 'In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion.' [Cit.] . . . 'Neither the superior court

nor this court is authorized to reverse an award because in its opinion the prevailing party did not carry the burden of proving a fact necessary to sustain its position if such fact is nevertheless supported by some competent evidence.' [Cit.]" *Cobb General Hosp. v. Burrell*, 174 Ga. App. 631-632 (331 SE2d 23) (1985). "Given [the authorized] determination [that appellee was entitled to no income benefits], there was no reason for the ALJ or the Board[, on remand,] to reach the issue[s] [of the propriety or amount of income benefits due appellee]. Accordingly, the superior court erred [to the extent that it remanded] this case [for a determination of such issues]." *Sunbelt Specialties v. Keith*, 201 Ga. App. 167, 168 (2) (410 SE2d 364) (1991).

2. No issue is presented for resolution as to the superior court's remand for clarification of appellants' respective liabilities for appellee's medical benefits. Accordingly, that portion of the superior court's order is affirmed.

*Judgment affirmed in part and reversed in part. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 22, 1993.

*Walker & Sweat, Bruce M. Walker*, for appellants (case no. A92A2281).

*Sligh, Presmanes & Jackson, Gregory T. Presmanes*, for appellants (case no. A92A2408).

*M. Dean Hall*, for appellee.