A96A0617. L.C.P. CHEMICALS et al. v. STRICKLAND.
(472 SE2d 471)

SMITH, Judge.

In this workers' compensation case, the ALJ denied Robert Strickland's claim for total disability benefits based on change in condition. The appellate division of the State Board of Workers' Compensation adopted the conclusions of the ALJ. The superior court reversed, and we granted the application for discretionary appeal filed by L.C.P. Chemicals, Strickland's employer, and its insurer, Insurance Company of North America.

Strickland suffered a compensable injury to his right leg on September 28, 1993, that was accepted as a medical-only claim. He returned to work approximately one week after the injury. He was paid full wages until L.C.P. Chemicals, the plant at which he worked, closed on February 1, 1994. On March 7, 1994, he filed a notice of claim seeking total disability benefits from the date of the plant closing and temporary partial disability benefits for an additional 2.25 weeks. At issue before the ALJ was whether Strickland was entitled to benefits for a change in economic condition caused by the injury.

A claimant seeking benefits due to a change in economic condition under OCGA § 34-9-104 (b) "must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination." *Maloney v. Gordon County Farms,* 265 Ga. 825, 828 (462 SE2d 606) (1995). With regard to the third element, the ALJ made the following findings: After his injury, Strickland was a member of two bowling leagues and bowled two nights per week until withdrawing in April or May 1994; he fished about four times per week after the injury; he ran for county commissioner following his injury; and he assisted with management of a trailer park. The ALJ further

found that Strickland "did not appear to be actively seeking employment at the time of the hearing." The ALJ denied benefits, concluding that Strickland's testimony that he was unable to secure employment was not credible and that Strickland therefore failed to meet his burden of proving he was unable to find employment because of his injury.

The superior court reversed. A work search log prepared by Strickland detailed his job search. Because that log was uncontradicted in the hearing before the ALJ, the superior court found that the ALJ erroneously determined that Strickland's testimony about his job search lacked credibility.

When reviewing the decisions of the Board and ALJ, the superior court sits as an appellate body and is bound by the any evidence standard of review. *Harris v. Seaboard Farms &c.*, 207 Ga. App. 147, 150 (427 SE2d 524) (1993). It may not set aside an award merely because it disagrees with the conclusions of the Board and may not "substitute its judgment as to weight and credibility of the witnesses." (Citations and punctuation omitted.) Id. "The Board is the sole judge of the evidence, of the credibility of the witnesses, and as to what evidence it will credit as the basis for an award." (Citations and punctuation omitted.) *Ero Indus. v. Phillips*, 207 Ga. App. 432, 433 (1) (428 SE2d 396) (1993). See also *Selfridge v. Morrison Cafeteria Co.*, 192 Ga. App. 469, 470 (1) (385 SE2d 137) (1989).

The record contains some evidence supporting the ALJ's finding that Strickland's testimony regarding his job search was not credible. Strickland did testify that he searched for employment since his injury, and he submitted a "record of work search" listing the inquiries he made in search of work between the date of the plant closing, February 2, 1994, through June 2, 1994. The record indicates that he made several verbal inquiries but submitted only one written application to a potential employer. He did not submit any written record concerning his job search from June 2 until the date of the hearing, November 7, 1994.

Although the evidence does not specifically show, as found by the ALJ, that Strickland fished "four times a week," evidence was presented that after his injury, Strickland often fished and had done so on each of the two days prior to the hearing. Additionally, in April after his accident in September, he began campaigning for a position as county commissioner and raised $10,000-$12,000. He defeated his opponent in the primary election, and during the campaign he spoke with the media, drove his truck with a campaign sign mounted on it around the area, and met with individuals to discuss issues involved in his campaign. The hearing before the ALJ occurred the day before the general election.

In addition to fishing and campaigning after the plant closing,

Strickland helped his girl friend manage a trailer park. He collected money for her and arranged for maintenance when repairs were needed. He was also a member of two bowling leagues and bowled two nights a week from September (the month of his accident) through December. He dropped one night per week of bowling in December but continued to bowl the other night.

This evidence supports the ALJ's findings that Strickland was "able to enjoy his recreational activities and run for public office" and that he did not appear to be actively searching for employment at the time of the hearing. The work log contained entries only for approximately three months and contained no entries for the five months preceding the hearing. Based on the evidence presented, the ALJ could have found that a limited log for a short period five months before the hearing did not demonstrate that Strickland had conducted a "diligent" search, especially in light of his many recreational and gainful activities during the log period and the remainder of the time prior to the hearing.

We note that one of L.C.P. Chemicals' witnesses acknowledged that Strickland's injury was one factor that could have prevented him from returning to work there. This acknowledgment was possibly indicative of his inability to obtain work at L.C.P. Chemicals. It did not obviate, however, Strickland's burden of proving *all three* elements essential for recovery under a change of condition claim, including the showing that he made an otherwise diligent effort to obtain employment.

We also note that the trial court stated the ALJ failed to make a clear finding that Strickland had "a serious residual medical problem arising from his compensable injury" that was a detriment to employability. The court referred to "subsidiary findings" that two doctors recommended "surgery as a possible treatment for continued pain and instability" resulting from Strickland's injury. These "subsidiary findings" do not negate the facts shown in the record supporting the ALJ's finding that Strickland failed to exercise diligence in his search for employment.

Because evidence supports the findings of the ALJ and the appellate division, and because the trial court was not authorized to substitute its judgment for that of the ALJ, the trial court erred in reversing the ALJ's denial of benefits to Strickland.

*Judgment reversed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 3, 1996 —
RECONSIDERATION DENIED JUNE 18, 1996 —

*Karsman, Brooks & Callaway, Timothy F. Callaway III*, for

appellants.

*Robert L. Crowe*, for appellee.