## A96A1850. SOUTHWIRE COMPANY v. MOLDEN.
(477 SE2d 646)

RUFFIN, Judge.

This case is an action for termination of disability income benefits based upon a change in condition. Southwire Company ("Southwire") appeals from the superior court's order reversing the appellate division's award, which affirmed the Administrative Law Judge's ("ALJ") award terminating Timothy Molden's benefits. Southwire's sole enumeration of error is that the superior court erred in ruling there was no evidence in the record to support the appellate division's conclusion that Molden has undergone a change in condition for the better. For reasons which follow, we reverse.

Construed in a light most favorable to Southwire, as the party prevailing before the appellate division, the evidence is as follows. Molden worked as a welder for Southwire for approximately 15 years. He was partially disabled and unable to use his right arm and hand due to a birth defect. Therefore, he only used his left hand in performing his welding duties. In October 1993, Molden suffered an injury to his left hand when he used it to depress a button controlling an overhead crane. Following a hearing, the ALJ determined in July 1994 that Molden was suffering from a ganglion cyst and tendinitis of the left wrist due to the repetitive nature of his work.

Approximately one year later, Southwire filed a notice to controvert the award, claiming that Molden's injuries had completely healed and his present disability was not related to his work. Southwire relied on the medical opinion testimony of Dr. Steven Dawkins. Dawkins began treating Molden in 1993 and diagnosed him as having severe tendinitis and a ganglion cyst of his left wrist. Following an examination in March 1995, Dawkins testified that Molden's ganglion cyst and tendinitis had completely healed. Dawkins concluded that Molden's present inability to use his left hand was due to the onset of brachial plexopathy, which was either caused by cancer or a severe trauma to the shoulder. Dawkins testified it would be "very unusual" and "extremely rare" for the repetitive nature of Molden's work to have caused the brachial plexopathy. He further testified that if the brachial plexopathy had resulted from cumulative trauma, it would have healed since Molden had been at rest for at least 18 months.

Dawkins personally examined Molden, took x-rays, did nerve conduction tests, and reviewed Molden's extensive history prior to forming his opinion. Part of that history included the medical notes

and opinions of other doctors, including Dr. Windsor. Subsequently, Dr. Roderique, a hand surgeon, examined Molden and agreed with Dawkins' findings. Although Roderique testified he could only speculate as to the cause of Molden's injury, he believed that the cumulative forces exerted by Molden when reaching for a welding tool would have been insufficient to cause the injury. According to Roderique, he did not think it was "theoretically possible to injure one's brachial plexus by that mechanism described by [Molden]."

Based upon this evidence, the ALJ concluded that Molden's tendinitis and ganglion cyst, the original diagnosis for his on-the-job injury, had healed. The ALJ further concluded that "[a]lthough the evidence is clear that . . . Molden is totally disabled and unable to even take care of himself without assistance from others, this is not a result of his on-the-job accident and injury of October 16, 1993 with respect to tendinitis and a ganglion cyst, but is a result of brachial plexopathy, which is not related to his work activities." Since Southwire proved that Molden's physical condition with respect to his original on-the-job accident and injury had completely healed, the ALJ found that Molden had undergone a change in condition for the better.

The appellate division affirmed this award, concluding that the ALJ's findings were "supported by a preponderance of competent and credible evidence contained in the record. . . ."

The superior court, however, reversed the appellate division's award, concluding that the "new evidence" of Molden's change in condition was merely a re-diagnosis of his original condition and that the original award, therefore, was res judicata. According to the superior court, "[a] bare showing that [Molden] has recovered from tendinitis and the cyst on his left wrist, without further recovery from his disability, fails to establish a change in physical condition for the better." We disagree.

"In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board." (Citations and punctuation omitted.) *South Ga. Timber Co. v. Petty*, 218 Ga. App. 497, 498 (462 SE2d 176) (1995); *Young v. Columbus Consolidated Govt.*, 263 Ga. 172 (430 SE2d 7) (1993).

The superior court erred in its opinion that Dawkins' testimony was inadmissible. "To the extent the expert's opinion was based on insufficient facts, the weight and not the admissibility of the testimony was affected. [Cits.]" *Krause v. Vance*, 207 Ga. App. 615, 620 (9)

(428 SE2d 595) (1993). Furthermore, since Dawkins examined Molden and formed an opinion based upon his own observations, the fact that he relied on medical records which were not in evidence at the hearing goes only to the weight of his testimony and not its admissibility. *Bentley v. B.M.W., Inc.*, 209 Ga. App. 526 (2) (433 SE2d 719) (1993). Thus, Dawkins' testimony should not have been excluded.

Even without considering Dawkins' testimony, the superior court found competent evidence to show Molden's recovery from tendinitis and the ganglion cyst. Furthermore, had the superior court considered Dawkins' testimony, it would have been required to construe it in a light most favorable to Southwire, the prevailing party below. *Petty*, supra. Under the any evidence standard, we must affirm when the ALJ and appellate division "credit the physician's testimony over that of the claimant or weigh the testimony of conflicting medical experts and credit the testimony of one over the other. [Cit.] Such determinations of credibility and the weight of testimony are for the ALJ and appellate division, not for either reviewing court. [Cit.]" *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995). Given Dawkins' testimony, the ALJ and the appellate division were authorized to conclude that Southwire carried its burden of proving that Molden's previous work-related injury (the tendinitis and ganglion cyst) had completely healed and that no causal relationship existed between Molden's present disability (due to brachial plexopathy) and any work-related accident or condition. That conclusion, so long as it is supported by any evidence, must be upheld, even though other evidence exists which contradicts it. *Raley v. Lanco Paint & Drywall*, 190 Ga. App. 462 (3) (379 SE2d 196) (1989).

Moreover, the superior court incorrectly imposed an additional burden of proof on Southwire when it stated that an employer "must prove an improved economic condition" prior to terminating benefits. This test is only applicable when an employer seeks to terminate disability payments because the injured employee has or is able to return to work, either light duty with the same employer or other comparable employment. See, e.g., *Peterson/Puritan, Inc. v. Day*, 157 Ga. App. 827 (278 SE2d 674) (1981). In this case, Southwire needed only to establish that benefits were terminated because Molden's present disability was not causally connected with his employment. *Raley*, supra at 464; *Williams Bros. Lumber Co. v. Magee*, 162 Ga. App. 865 (292 SE2d 477) (1982). "Where the evidence authorizes, as it did in this case, a finding that the claimant has fully recovered from the injury received on the job and no longer suffers any disability therefrom, an award holding that there has been a change in condition is proper. [Cits.] This is true even though the claimant is disabled if such disability is due to causes unrelated to the on the job injury." Id. at 866.

Whether Molden's original injuries had completely healed and whether Molden's current disability was connected to his on the job injury were, at most, questions of fact for the ALJ and appellate division. These questions were decided adversely to Molden, and neither the superior court nor this Court is authorized to find otherwise. It is clear that the prior award, which authorized benefits based on Molden's tendinitis and ganglion cyst, is not res judicata based on evidence that these injuries have healed and that Molden is presently suffering from a disability unrelated to his work with Southwire. Because there was evidence that supported the findings of the ALJ and the appellate division, and because the superior court was not authorized to substitute its judgment for that of the ALJ and appellate division, the superior court erred in reversing the award of the ALJ and appellate division.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 29, 1996 — ▮▮▮▮▮▮▮▮▮

*Smith, Wallis & Scott, Kenneth A. Smith*, for appellant.
*Bovis, Kyle & Burch, Nicholas P. Garcia, Charles M. Medlin*, for appellee.