A96A2285, A96A2286. UNITED FAMILY LIFE INSURANCE COMPANY et al. v. SASSER; and vice versa.

(482 SE2d 491)

BLACKBURN, Judge.

In this workers' compensation case, the superior court reversed the award of the administrative law judge ("ALJ") denying Sasser's "change in condition" claim. The appellate division (the "Board") had affirmed the ALJ's award. The superior court found that the ALJ and the Board had applied too strict a standard of proof to Sasser's claim that the medical problems from which she suffers were caused by a work-related injury. We granted the employer's discretionary appeal in Case No. A96A2285 to review the superior court's reasoning. In Case No. A96A2286, Sasser cross-appeals other aspects of the award. We reverse with direction that the superior court reinstate the award of the Board.

While working as a regional manager for United Family Life ("UFL"), Sasser was injured in a work-related automobile accident in March 1991. She returned to work after six weeks and worked for UFL until her full-time position was eliminated in June 1993. She claims that the 1991 accident caused or exacerbated a painful condition called "fibromyalgia." As a result, she was unable to work at the level she did with UFL and claims she is, therefore, entitled to receive workers' compensation benefits because of her economic change in condition.

An employee who brings a change-in-condition claim must show that she has suffered a loss of earning power because of a compensable, work-related injury; that she continues to suffer physical limitations related.to that injury; and that she has made a diligent, but unsuccessful, attempt to secure suitable employment following termination. *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606) (1995); OCGA § 34-9-104. "Regardless of what our findings would.be if we were the factfinders, upon appeal [to the superior court and this Court], the evidence will be construed in a light most favorable to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court." (Citation and punctuation omitted.) *Dasher v. City of Valdosta*, 217 Ga. App. 351, 352 (1) (457 SE2d 259) (1995). This Court, and the superior court, are bound by the facts as found by the ALJ and the Board, and both courts must affirm their award if there is any evidence to support it. Id.

Sasser's duties with UFL required her to drive long distances to meet with agents and promote the company. The ALJ found that after her accident, Sasser was treated by several doctors, including Dr. Hickey, a neurologist, for pains in her neck, torso, back, and arms. During the time she was treated by Dr. Hickey, however, Sasser continued to work full-time for UFL. No doctor prohibited her from driving a car, which she claims she now has trouble doing. The ALJ concluded that while these injuries were related to the 1991 accident and caused Sasser some pain, they did not disable her from full-time work.

Sasser contends, however, that she suffers from fibromyalgia, an inflammatory disease which causes her pain throughout her body. Dr. Mathews, a rheumatologist who first saw Sasser in February 1992, diagnosed her with this condition and has treated her for it. Sasser claims her fibromyalgia was either caused by or exacerbated by the accident to the point that she can now work only two or three days a week. The ALJ, however, found that the fibromyalgia was not related to the 1991 accident. It is with this conclusion that the trial court took issue, and to address this conclusion we granted the employer's discretionary appeal in Case No. A96A2285.

### Case No. A96A2285

1. In her award, the ALJ noted that Dr. Mathews could not state "to a reasonable degree of medical certainty" that Sasser's fibromyalgia was related to the 1991 automobile accident. Citing this language, the superior court found the ALJ and the Board had erroneously applied a heightened standard of proof to Sasser's burden of proving causation. However, nothing in the ALJ's award indicates that the ALJ applied anything other than the proper preponderance of the evidence standard. *Maloney*, supra. Dr. Mathews' testimony addresses only his medical opinion, and it was not the standard applied to the claimant's burden.

The superior court erred by taking the ALJ's use of the phrase, "to a reasonable degree of medical certainty," out of context. This finding was but one fact of several on which the ALJ relied for determining Sasser had not proven a causal relationship between the accident and her medical condition. The ALJ went on to note that several of the symptoms of which Sasser complains, including those affecting her lower extremities, apparently did not appear until months after the accident. Although Dr. Mathews testified that fibromyalgia could be caused by the trauma of an accident, he also opined that symptoms she exhibited before the accident were consistent with this syndrome. Dr. Mathews further testified that while fibromyalgia can be exacerbated by trauma, it will not necessarily be, and its symptoms

can worsen in the absence of trauma. There are no known causes of the disease, he stated. Thus, the ALJ was authorized to find that Sasser did not meet her burden of showing by a preponderance of the evidence that the accident either caused or exacerbated her fibromyalgia.

Because the superior court was bound to construe the award of the ALJ, as affirmed by the Board, strongly in favor of the prevailing party, it erred by interpreting the ALJ's recitation of Dr. Mathews' testimony to be the standard by which the ALJ measured Sasser's proof of causation. The finding is supported by evidence, and the superior court erred by refusing to accept it. See *Dasher*, supra. The judgment of the superior court is reversed with direction that it reinstate the award as affirmed by the Board.

2. As the trial court erred in its construction of the award, we need not address UFL's remaining enumerations of error.

*Case No. A96A2286*

Because we have affirmed the finding of the ALJ and the Board that Sasser's disability is not related to a compensable, work-related injury, the enumerations raised in Sasser's cross-appeal are moot. See *Chem Lawn Svcs. v. Stephens*, 220 Ga. App. 239, 242 (469 SE2d 375) (1996) (change in condition claim fails where ALJ determines no causal connection between original work-related injury and current disability).

*Judgment reversed and remanded with direction. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1997.

*Hunter, MacLean, Exley & Dunn, Kirby C. Gould*, for appellants. *Hackel & Hackel, Thomas M. Hackel*, for appellee.