A96A1979. SHERWIN-WILLIAMS COMPANY et al. v. ESCUADRA.
(482 SE2d 505)

BLACKBURN, Judge.

This appeal addresses whether the sole proprietor of a business which operates as a subcontractor may be considered an "employee" of the subcontractor for purposes of the workers' compensation statutory employer provisions of OCGA § 34-9-8. Felipe Escuadra worked as a subcontractor and independent contractor for Sherwin-Williams. He was injured on the job. A carpet layer, Escuadra had his own trucks and tools and "three or four employees." He believed his sole proprietorship had workers' compensation coverage, as Sherwin-Williams required of its subcontractors, but it appears his insurance

agent never paid for the coverage and absconded with his premiums. In an effort to obtain injury benefits from Sherwin-Williams pursuant to OCGA § 34-9-8 and its statutory employer provisions, Felipe claimed he was an "employee" of a subcontractor who was unable to pay benefits. The administrative law judge (ALJ) and the appellate division of the State Board of Workers' Compensation determined he was not an "employee" and denied his claim. The superior court reversed and held he was an "employee" for purposes of receiving compensation pursuant to OCGA § 34-9-8. The question presented us is whether, as a matter of law, Escuadra is an "employee" of his unincorporated sole proprietorship for purposes of OCGA § 34-9-8. Under the facts herein involved, we answer that question in the negative and reverse the superior court's judgment.

The ALJ and appellate division found Escuadra to be an independent contractor, and neither party contests that finding on appeal. Normally, an independent contractor is not entitled to workers' compensation benefits from his principal. See, e.g., *RBF Holding Co. v. Williamson*, 260 Ga. 526 (397 SE2d 440) (1990). An exception to this rule is OCGA § 34-9-8 (a), which provides that "[a] principal . . . shall be liable for compensation to any *employee* injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract *to the same extent as the immediate employer*." (Emphasis supplied.) This statutory employer provision, designed "to ensure that employees in construction and other industries are covered by workers' compensation," allows the subcontractor's employees to seek benefits from their employer's principal when the subcontractor defaults in his obligations to them. *Wright Assoc. v. Rieder*, 247 Ga. 496, 499 (277 SE2d 41) (1981). It also encourages the principal to require subcontractors to carry workers' compensation insurance for the subcontractors' employees. Id.

The ALJ and appellate division rejected Escuadra's claim that he was an "employee" of a subcontractor under OCGA § 34-9-8 because Escuadra himself was the subcontractor. The superior court reversed that finding, and we are called on to determine if it erred in so ruling. "When reviewing the decisions of the Board and ALJ, the superior court sits as an appellate body and is bound by the any evidence standard of review." *L. C. P. Chemicals v. Strickland*, 221 Ga. App. 742, 743 (472 SE2d 471) (1996). A superior court reviewing a workers' compensation appeal must construe the evidence in the light most favorable to the prevailing party and make every presumption in favor of upholding the award. *Chandler v. Hancock Builders*, 205 Ga. App. 303, 304 (422 SE2d 206) (1992).

In reversing the ALJ and appellate division, the superior court reasoned that nothing in the Workers' Compensation Act prohibited it from finding that a person can be an employer and employee at the

same time. However, this interpretation conflicts with OCGA § 34-9-1 (2), which defines an "employee" as "every person in the service of *another*." (Emphasis supplied.) Interpreting that definition, we have held that a partner is not normally an employee of his partnership because the relationship of a partner to his business is "not consistent" with the relationship of employer and employee. *Scoggins v. Aetna Cas. &c. Co.*, 139 Ga. App. 805, 807 (229 SE2d 683) (1976). In *Simpkins v. Unigard Mut. Ins. Co.*, 130 Ga. App. 535, 539 (2) (203 SE2d 742) (1974), we touched on the issue in this case: "As is provided in [OCGA § 34-9-8 (a)] the general contractor would be liable for compensation to the employees of his subcontractors. Nothing is therein said concerning subcontractors themselves." This precedent, combined with the plain definition of "employee" as one in the service of another, militates against our considering a subcontractor also to be an employee of his sole proprietorship. *Simpkins* did not involve OCGA § 34-9-2.2.

OCGA § 34-9-2.2 allows a sole proprietor who provides workers' compensation coverage for his employees to *elect* to be included as an employee under that coverage. This statute, requiring the employer to affirmatively elect coverage makes clear the legislature's intention that a sole proprietor would not otherwise be considered an employee of his own business. *Miller v. Ga. Ports Auth.*, 266 Ga. 586, 587 (470 SE2d 426) (1996) (statutes concerning same subject must be construed together to ascertain legislature's intent). Thus, we conclude that a sole-proprietor subcontractor should not ordinarily be considered both employer and employee for purposes of OCGA § 34-9-8's statutory employer provisions.

As noted above, however, pursuant to OCGA § 34-9-2.2, a sole proprietor may elect to be treated as an employee under his business' workers' compensation coverage if he is actively engaged in the operation of the business and if he notifies his insurer of his election to be treated as an employee. Once he makes that election, the subcontractor is "entitled to the employee benefits . . . prescribed in this chapter." Id. See, e.g., *Subsequent Injury Trust Fund v. Lumley Drywall*, 200 Ga. App. 703, 705 (409 SE2d 254) (1991) (sole proprietor who elects to be an "employee" of his business is entitled to benefits from Subsequent Injury Trust Fund as prescribed by the Act). Under OCGA § 34-9-8, when a subcontractor is unable to pay workers' compensation benefits, his principal "stands in the place of the subcontractor as to any employee of the subcontractor." *Williams v. Lumbermens Mut. Cas. Co.*, 164 Ga. App. 435, 437 (2) (297 SE2d 345) (1982). Therefore, where a subcontractor has obtained workers' compensation coverage for his employees and has properly notified his insurer of his election to be treated as an employee, he should also be treated as an employee for purposes of OCGA § 34-9-8 during the period his election is effective. Escuadra contends our interpretation denies him

equal protection of the law because it discriminates against persons who conduct their business as sole proprietors rather than as a corporation. Even if this argument had merit, the right of a sole proprietor to elect to be treated as an employee pursuant to OCGA § 34-9-2.2 eliminates any such concerns. See *Peters v. Kevin Moody Constr. Co.*, 223 Ga. App. 133 (476 SE2d 772) (1996).

In this case, the ALJ determined Escuadra was not an "employee." Although the record contains a certificate naming Escuadra as the insured under a workers' compensation policy, nothing in the record indicates that Escuadra notified his agent or insurer of his election to be treated as an employee under that coverage. Nor is there any evidence showing Escuadra paid an additional premium so that he would be covered individually and in addition to his employees. Under the circumstances, therefore, we find the ALJ and Board's determination that Escuadra was not an "employee" to be supported by the evidence. See *King v. James King Cleaners &c.*, 199 Ga. App. 796, 797-798 (405 SE2d 909) (1991). We reverse the judgment of the superior court with direction to affirm the award of the appellate division.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 27, 1997.

*Drew, Eckl & Farnham, John G. Blackmon, Jr., Marion M. Handley*, for appellants.
*Robert E. Bourne, C. Edgar Gilliam, Jr.*, for appellee.