A97A1118. WORTHINGTON INDUSTRIES et al. v. SANKS.
(492 SE2d 753)

POPE, Presiding Judge.

In this workers' compensation case, we granted a discretionary appeal to Worthington Industries and its insurer, Continental Casualty Company (hereinafter "Worthington"). The ALJ found that claimant Jamie Sanks had aggravated a congenital back problem while working for Worthington in 1995, but also found that aggravation had resolved as of January 18, 1996. Holding that any continuing disability Sanks suffered after January 18 was not causally related to his on-the-job injury, the ALJ terminated benefits as of that date. The appellate division of the State Board of Workers' Compensation affirmed the ALJ. The superior court, however, found "no

competent evidence to support a change in condition for the better" and ordered Worthington to pay continuing benefits after January 18, 1996. We reverse the superior court.

1. Before we reach the merits of the superior court's holding, we address Worthington's claim that the trial court's failure to timely file the order affirmed the appellate division's award as a matter of law. The court's order is signed November 1, 1996, but is stamped "filed in office" November 7, 1996. Although OCGA § 34-9-105 (b) requires the superior court to enter its order within 20 days of the hearing, the court entered a supplemental order stating that its order was, indeed, filed with the clerk of court on November 1, 1996. As that date is within the statutory period, this enumeration is without merit. See *Sunbelt Specialties v. Keith,* 201 Ga. App. 167 (1) (410 SE2d 364) (1991).

2. " 'In reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the [ALJ and] appellate division. . . . [N]either the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the [State] Board [of Workers' Compensation].' [Cits.]" *Southwire Co. v. Molden,* 223 Ga. App. 389, 390 (477 SE2d 646) (1996). The ALJ found that in February 1995, Sanks "felt a sharp pain in his back" while welding and was placed on light-duty status. Doctors determined that he had aggravated a congenital deformity of his lumbar spine. Sanks received physical therapy and medical treatment, which a doctor believed would allow him to return to normal work. On January 18, 1996, his physician determined he had reached maximum medical improvement even though he continued to suffer pain "aggravated by prolonged sitting" as a full-time college student. In July 1996, Worthington fired him for reasons unrelated to his injury.

From this evidence, the ALJ determined that after Sanks reached maximum medical improvement, his on-the-job injury had resolved and was no longer the cause of any disability. The appellate division affirmed the ALJ's findings and further found that Worthington had carried its burden of showing that the "injury-induced aggravation had subsided" as of January 18, 1996. The superior court reversed and held that "[i]t is not sufficient that the Employer can show that the Employee has reached maximum medical improvement. [Worthington] must show that there has been a change in condition for the better such that [Sanks] has returned to his preexisting physical condition. In the case at bar, there is no competent evidence to support that theory."

The superior court erred, as Worthington "needed only to establish that benefits were terminated because [Sanks'] present disability was not causally connected with his employment. [Cit.]" *Molden,*

supra at 391. When Dr. Walsh examined Sanks in June 1995, he suggested Sanks participate in physical therapy and recommended he "continue on light duty status until he has reached maximum improvement through therapy." At the January 18, 1996 appointment, Dr. Walsh found Sanks had "reached MMI" even though he continued to have "low backache with some radiation down the left leg . . . aggravated by prolonged sitting. He is now a full time student." Though not overwhelmingly persuasive, this evidence allowed the ALJ and appellate division to infer that although Sanks continued to have pain and disability, those problems were not causally related to his prior injury at Worthington but were unrelated aggravations of his congenital defect. The superior court and this Court must strongly construe such inferences to uphold the award of the ALJ and appellate division. See *United Family Life Ins. Co. v. Sasser*, 224 Ga. App. 871 (482 SE2d 491) (1997). "Whether [Sanks'] original injuries had completely healed and whether [his] current disability was connected to his on the job injury were . . . questions of fact for the ALJ and appellate division. These questions were decided adversely to [Sanks], and neither the superior court nor this Court is authorized to find otherwise." *Molden*, 223 Ga. App. at 392; see also *Elbert County Bd. of Commrs. v. Burnett*, 200 Ga. App. 379, 382 (408 SE2d 168) (1991).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 10, 1997.

*Webb, Carlock, Copeland, Semler & Stair, Robert C. Semler, Wendy Goodwin*, for appellants.
*Slappey & Sadd, E. Scott Slappey*, for appellee.